EVANS, C. J., DEEMER, LADD, WEAVER, PRESTON and SALINGER, JJ., concur.

---

EVA R. SNYDER, Appellant, v. J. R. MOUNT et al., Appellees.

**WEAPONS:** Concealed Weapons—Elements of Offense—Malicious
1 Prosecution. One to whom a revolver was handed, and who, during the time in question, so carried the same that a large part of it was fully exposed to view, is not guilty of the offense of carrying a *concealed* weapon. So held in an action for malicious prosecution.

**MALICIOUS PROSECUTION:** Malice—Delay in Prosecution—
2 Threats. Malice, as an element of malicious prosecution, is amply established by evidence that defendant, for ten days, allowed the alleged offense to pass unnoticed, and during such time utilized such alleged offense as a weapon to deter the one finally arrested from asserting her legal rights.

**MALICIOUS PROSECUTION:** Probable Cause—Advice of Public
3 Prosecutor—Good Faith. Ordinarily, it is a jury question whether defendant, in an action for malicious prosecution, fully and fairly stated all the facts to the public prosecutor, and in good faith acted on such prosecutor's advice.

*Appeal from Guthrie District Court.*—L. N. HAYS, Judge.

FRIDAY, OCTOBER 27, 1916.

ACTION at law to recover damages on account of an alleged malicious prosecution. The trial court directed a verdict for defendants, and plaintiff appeals.—*Reversed.*

*Robbins & Smith* and *Otho S. Thomas,* for appellants.

*Brown & Batschlet,* for appellees.

WEAVER, J.—The Citizens' Bank of Panora instituted an action before a justice of the peace to remove the plaintiff and her husband from the possession of certain real property. A judgment obtained therein was being enforced by a writ of removal, when trouble of some kind arose between the sheriff and plaintiff's husband, George Snyder, who displayed a revolver. The sheriff took the weapon away from Snyder, and gave it to the plaintiff, Snyder's wife, telling her to "keep it away from George." Mrs. Snyder, who was present, wearing a coat belonging to her young son, received the revolver and put it in the coat pocket. The evidence on her part tends to show that the weapon was at no time concealed, but protruded from the pocket, in plain sight of the bystanders. The sheriff, having removed the Snyder goods from the premises, went away, when Mrs. Snyder, with the help of others, began to put them in another building on another part of the premises, not described in the warrant of removal. Learning of this movement, the defendant Mount, acting as attorney for the bank, returned to the premises in controversy, and requested one Miller to call Mrs. Snyder. Miller responded that Mrs. Snyder was angry and had a revolver, and advised him not to approach her at that time. Mount, who is a practising lawyer, evidenced the prudence and discretion of his profession by not insisting upon an interview with the irate woman, and went away. It being discovered that the judgment and writ already obtained were not sufficient to authorize the dispossession of the Snyders from their second line of defense, Mount at once instituted another action of forcible entry and detainer for that purpose. On the re-

turn day, the Snyders appeared, with counsel, for the purpose of making defense, and, by pleading title to the premises, sought to secure a transfer of the action to the district court. When this was developed, Mount, after talking with the county attorney, swore to an information charging Mrs. Snyder with the offense of carrying a concealed weapon, basing his charge on the occurrence above mentioned. A warrant was issued, and plaintiff taken into custody. She entered a plea of not guilty, and on trial was acquitted. Thereafter, she began this action for damages, alleging that, in instituting the criminal proceedings, Mount acted maliciously and without probable cause. Answering the petition herein, Mount admits that he was the complaining witness in said proceeding, and that upon trial plaintiff was acquitted, but pleads that he acted in good faith, upon reasonable information and belief, and upon the advice of the county attorney, after a disclosure to such officer of the facts in the case. On the trial below, there was evidence tending to show all the facts contained in the foregoing recital. It also tends to show that no movement was made by the appellee or by the bank which he represented to vindicate the majesty of the law against the carrying of concealed weapons until ten days later, when it became certain that the Snyders intended to further contest their alleged rights in the civil case. Plaintiff swears that, on her appearance to the second action of forcible entry and detainer, Mount told her that, if she would "step down and out and quit fighting," he would not publicly disgrace her, otherwise he would do so, and have her arrested; and that, upon her refusal of his demand, she was arrested on the same day. Her attorney also testifies that Mount, having ascertained that the witness represented Mrs. Snyder, told him that, if he pleaded title in that proceeding so as to throw the case into district court, he, Mount, would have the witness' client arrested. This witness further says that, as soon as Mount looked at the answer and saw that title had been pleaded, he said, "You know I told you what I would do if

you should plead title," and immediately proceeded to file information. This testimony is not denied by the appellee.

The trial court appears to have sustained the motion to direct, on the theory that there was no evidence on which the jury could find that appellee, in beginning the criminal proceeding, acted maliciously or without probable cause. In this we think the court was clearly in error. The evidence was manifestly sufficient to support a finding that the weapon had been publicly handed to the appellant by the sheriff, that she received it, and, during the rest of the affair, carried it with the barrel thrust into the pocket of the small coat she had on, with the handle and cylinder exposed to public view; and if this be true, as the jury could have found, there was no violation of the statute, and there was a manifest absence of probable cause for her arrest and prosecution upon charge of a public offense.

1. WEAPONS: concealed weapons: elements of offense: malicious prosecution.

So, too, upon the question of malice. The fact that for ten days the appellee was content to let the alleged offense pass unnoticed, and then held the charge as a weapon or threat over appellant's head, to deter her from making a defense in a civil action, and began the prosecution only when such threat had proved ineffective in its purpose, affords ample ground to sustain the charge of malice, within the meaning of the law.

2. MALICIOUS PROSECUTION: malice: delay in prosecution: threats.

Nor do we think the claim that appellee acted upon the advice of the county attorney is so well shown that the court should say that the defense was established as a matter of law. It is for the jury to say whether, in obtaining that advice, appellee in good faith disclosed all the facts fully and fairly to the county attorney, and then acted upon the advice so obtained. The criminal law cannot be legitimately made use of to deter parties from an assertion of their rights in the civil courts. The law as we have stated it is too

3. MALICIOUS PROSECUTION: probable cause: advice of public prosecutor: good faith.

elementary and familiar to justify any citation or discussion of precedents.

The motion of appellee for a directed verdict should have been overruled. The cause will, therefore, be remanded for a new trial, and for that purpose, the judgment below is— *Reversed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.