STATE of Iowa, Appellee,

v.

**Rodney NEWSOM, Appellant.**

No. 96–1050.

Supreme Court of Iowa.

May 21, 1997.

Linda Del Gallo, State Appellate Defender, and David Arthur Adams, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Ann E. Brenden, Assistant Attorney General, John P. Sarcone, County Attorney, and Fred Gay, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

CARTER, Justice.

The appellant, Rodney Newsom, was convicted of carrying a concealed weapon in violation of Iowa Code section 724.4(3)(a) (1995).[1] In seeking reversal he contends that there was insufficient evidence of "concealment." After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

On the morning of August 28, 1995, a woman was attacked while waiting at the drive-up window of a Des Moines fast food restaurant. A witness noted the license plate number of a van driven by the assailant. Based on information obtained at the scene, Des Moines police officers located the van and found the defendant inside. He immediately confessed to the attack. Police placed defendant under arrest and searched the van. They found two canisters of mace and a machete with a blade longer than eight inches. The machete was lying between the van's front seats on top of the debris that littered the floor of the van. It was not covered.

At trial defendant testified that he considered the machete to be a tool. He stated that he had previously used machetes in the course of his employment to remove wrapping from large rolls of paper. He also testified that he used a machete to cut weeds. Defendant admitted that he sometimes placed the machete on the dashboard of his van in order to deter a break-in or vandalism. Defendant contended that on this occasion he placed the machete on the floor between the front seats because there was no other place in the van to store it. He did not use the machete during the attack.

█ Our review is for correction of errors at law. Iowa R.App. P. 4. Before turning to our assessment of the record, we must first answer a crucial preliminary question of statutory interpretation—the meaning of concealment. Apparently, no reported Iowa decision contains an explanation or definition of this term, as used in Iowa Code chapter 724.[2] Defendant argues, based on his reading of various dictionary definitions of "conceal," that the State must show he purposefully and knowingly withdrew the machete from sight. The State, according to defendant, made no such showing. We are unable to sanction a definition of "concealment" that turns on a defendant's subjective intent.

█ We discern the policy underlying the prohibition against concealed weapons to be based on the protection of those persons who may come into contact with a weapon bearer. If a weapon is not concealed, one may take

---

1. Section 724.4(3)(a) provides, in relevant part:
   A person who goes armed with a knife concealed on or about the person, if the person does not use the knife in the commission of a crime:
   a. If the knife has a blade exceeding eight inches in length, commits an aggravated misdemeanor.

2. The only Iowa case concerning "concealment" of a weapon was a civil action for malicious prosecution that did not address the precise question before us today. *See Snyder v. Mount,* 178 Iowa 216, 159 N.W. 634 (1916).

notice of the weapon and its owner and govern oneself accordingly. No such opportunity for cautious behavior or self-preservation exists for one encountering a bearer of a concealed weapon. *See, e.g., State v. Ogata,* 58 Haw. 514, 572 P.2d 1222, 1225 (1977); 79 Am.Jur.2d *Weapons & Firearms* § 8, at 12 (1995). We believe that the intended protection of the statute is best furthered by applying an objective test for determining the concealment element of the crime. Other courts that have applied this objective standard have found that a weapon is concealed if it is not "discernible by ordinary observation." *See Shipley v. State,* 243 Md. 262, 220 A.2d 585, 587 (1966); *State v. Purlee,* 839 S.W.2d 584, 590 (Mo.1992). As the court in *Purlee* recognized,

> [a weapon] is not concealed simply because it is not discernible from a single vantage point if it is clearly discernible from other positions. It may be concealed, however, where it is discernible from only one particular vantage point.

*Purlee,* 839 S.W.2d at 590. With reference to weapons contained in vehicles, the better rule is that concealment is considered from the vantage point of one approaching the vehicle. *Id.* at 590–91 n. 4. From this perspective, it should not matter if a defendant did not intend to conceal a weapon, for someone's innocent thoughts do not make a hidden weapon any more visible.

On the facts before us, we find sufficient evidence of concealment. The defendant's machete was on the floor of his van between two seats. One would have to enter the van and peer over the front seat to see the machete. A rational trier of fact could find that the machete was not discernible by ordinary observation and was thus concealed.

Defendant argues that the approach we adopt will lead to absurd results. He suggests that, because nearly every weapon carried in a vehicle is not visible by ordinary observation, this will result in the criminalization of totally innocent conduct. Although this argument has some appeal, it does not justify weakening the statute by focusing on a defendant's state of mind when considering proof of concealment. Defendant's public policy issue would be better directed toward the intent element of the crime as a whole rather than focusing on the element of concealment.[3]

We have considered all arguments presented and conclude that the judgment of conviction should be affirmed.

**AFFIRMED.**

---

**3.** It appears that such an argument would have to include a plea that we now reject our prior conclusions that (1) going armed with a dangerous weapon in a vehicle only contemplates keeping the weapon at a place accessible to a vehicle occupant, *State v. Alexander,* 322 N.W.2d 71, 72–73 (Iowa 1982); and (2) specific intent is not an element of a concealment crime, *State v. Davidson,* 217 N.W.2d 630, 632 (Iowa 1974).