**STATE of Iowa, Appellee,**

v.

**Douglas Dean LAMB, Appellant.**

No. 96–2199.

Supreme Court of Iowa.

Jan. 21, 1998.

Linda Del Gallo, State Appellate Defender, and Tricia A. Johnston, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Roxann M. Ryan, Assistant Attorney General, William R. Byers, County Attorney, and Jeannine Gilmore, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

PER CURIAM.

Defendant, Douglas Dean Lamb, appeals the judgment and sentence entered upon his conviction of going armed with a concealed weapon, in violation of Iowa Code section 724.4(3)(a) (1995). He contends the evidence was insufficient to support his conviction. We agree and reverse.

On June 30, 1996 at approximately 7:30 p.m., Officer Bob Evans pulled Lamb over on the highway for reasons not disclosed in the record. According to Evans, he stopped approximately thirty feet behind Lamb's pickup. Some thirty seconds later, while Evans was still inside his patrol car, Lamb exited his vehicle with a large knife in his hand and began walking toward Evans making circular motions with the knife at head level. When he reached the back of his truck Lamb stopped, lowered the knife and crossed his arms. Lamb later explained at his sentencing hearing that he started to jab himself in the stomach, intending to commit suicide, and meant no harm to Evans. As Evans exited his car Lamb stated "aw, it isn't worth it" and tossed the knife into the ditch. Evans then took Lamb into custody. Another officer, Deputy Kenneth Calkins, arrived and assisted Evans by retrieving the knife. Calkins also searched the pickup and found a sheath lying uncovered on the passenger-side floorboard.

The State charged Lamb with violating section 724.4(3)(a), which prohibits a person from going armed with a knife having a blade exceeding eight inches in length concealed on or about the person. No assault charges were filed. Lamb twice moved for judgment of acquittal during his trial, contending the evidence was insufficient to support a finding that the knife was concealed on or about his person. The district court overruled the motions and the jury subsequently found Lamb guilty as charged. The court entered judgment and sentenced Lamb to 180 days, suspending all but ten, and one year of probation.

Lamb appeals, again arguing that the evidence on the element of concealment was insufficient to support his conviction. We review Lamb's challenge to the sufficiency of evidence for errors at law. Iowa R.App. P. 4; *State v. Newsom*, 563 N.W.2d 618, 619 (Iowa 1997). We examine all the evidence in the record in the light most favorable to the State, looking for substantial evidence, including any inferences arising from the evidence, to support the verdict. *State v. Crone*, 545 N.W.2d 267, 270 (Iowa 1996). Substantial evidence means evidence which would convince a rational jury that the defendant is guilty of the offense beyond a reasonable doubt. *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). The evidence must at least raise a fair inference of guilt as to each essential element of the offense; evidence which merely raises suspicion, speculation, or conjecture is insufficient. *State v. Casady*, 491 N.W.2d 782, 787 (Iowa 1992).

It is not disputed the knife was readily visible from the time Lamb exited his truck until he threw it in the ditch, thus the issue for the jury was whether the knife was concealed on or about Lamb's person while he was still inside the vehicle. We recently determined in *State v. Newsom*, 563 N.W.2d 618 (Iowa 1997), that a weapon is concealed within the meaning of section 724.4(3) if it is not discernible by ordinary observation. *Newsom*, 563 N.W.2d at 620. Concealment with respect to weapons in vehicles is considered from the vantage point of one approaching the vehicle. *Id.*

We have never held that concealment is established by the mere fact a weapon is kept inside the passenger compartment of a

vehicle. Our prior decisions indicate more is required to establish concealment. For instance, in finding there was sufficient evidence of concealment in *Newsom,* we pointed to evidence the machete lay between the front seats of the defendant's van and one would have had to enter the van in order to see it. *Newsom,* 563 N.W.2d at 620; *see also State v. Werner,* 181 N.W.2d 221, 224 (Iowa 1970) (noting there was no evidence a gun found holstered and lying on the floor of defendant's car was concealed). The question is not whether a weapon is located inside a vehicle, but whether it is discernible by ordinary observation from the vantage point of one approaching the vehicle. *Newsom,* 563 N.W.2d at 620; *cf.* Iowa Code § 724.4(1) (prohibiting the carrying of pistols or revolvers in vehicles regardless of concealment).

In the present case, there was no evidence from which the jury could determine whether someone approaching Lamb's pickup might discern the knife by ordinary observation. The evidence did not establish where Lamb kept the knife in his vehicle. Lamb did not testify at trial, and neither officer saw the knife while it was still inside the pickup. Although Deputy Calkins found the sheath on the floorboard, a rational jury could not infer the knife's location from this evidence. Lamb could have kept the knife anywhere in the cab and dropped the sheath on the floorboard after removing the knife. The jury could only guess whether the knife was originally located on the floor, under the seat, on the seat, on the dashboard, on Lamb's person, or elsewhere.

The State argues concealment could still be inferred from Officer Evans' testimony, which indicated he did not see the knife until Lamb got out of the pickup. We disagree. Evans' observations were made from inside his patrol car some thirty feet to the rear of Lamb's truck. This is not the vantage point contemplated in *Newsom.*

In a case involving somewhat similar circumstances, the Missouri Court of Appeals concluded the following:

> Appellant argues the officer never got close enough to have a vantage point from which he could see where the weapon had been in the car. We agree. Officer Carr

did not testify concerning his ability to see inside the car. The record fails to establish whether the gun was hidden or not. The gun could have been on the dashboard or uncovered on the seat of the car, and readily discernible by ordinary observation had the police officer been closer than five feet to the vehicle. We reverse appellant's conviction on the [concealed weapons] charge....

*State v. Pruitt,* 755 S.W.2d 309, 313 (Mo.Ct. App.1988).

The present case contained no testimony from a witness approaching the vehicle as to the knife's visibility, nor evidence concerning its visibility from any vantage point other than Evans' remote position. In the absence of such evidence, and evidence establishing the knife's location inside the pickup, the jury could only speculate whether it would have been discernible by the ordinary observation of one approaching the vehicle. We conclude the evidence was insufficient to support the necessary finding of concealment in this case. We accordingly reverse Lamb's conviction.

**REVERSED.**