# IN THE COURT OF APPEALS OF IOWA

No. 17-0809
Filed March 7, 2018

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CORION J. PURSLEY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Corion Pursley appeals following his guilty pleas to possession of marijuana and carrying a concealed weapon. **AFFIRMED.**

Travis M. Armbrust of Brown, Kinsey, Funkhouser & Lander, P.L.C., Mason City, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Corion Pursley entered a written guilty plea to possession of marijuana (first offense) and an *Alford* plea[1] to carrying a concealed weapon. The district court imposed sentence. On appeal, Pursley argues: (I) the district court "erred in accepting [his] guilty plea [to the concealed weapon charge] and trial counsel was ineffective for failing to challenge the plea where no factual basis existed in the record on the carrying weapons charge"; (II) the court "erred in accepting a plea that was not knowing and voluntary"; and (III) his trial counsel "was ineffective for failing to fully apprise [him] of the consequences of a conviction prior to [his] plea of guilty."

### I.  *Factual Basis – Carrying a Concealed Weapon*

Pursley argues his *Alford* plea to carrying a concealed weapon lacked a factual basis. The State counters that Pursley failed to preserve error by filing a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d). The State acknowledges "a claim of ineffective assistance of counsel may rescue Pursley from his failure to file a motion in arrest of judgment" but asserts such a claim was not raised. We disagree.

Pursley framed the issue in terms of counsel's failure to challenge the factual basis for the plea. Because he raised his challenge under an ineffective-assistance-of-counsel rubric, we may proceed to the merits. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017).

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Pursley must prove his plea attorney breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Defense counsel violates an essential duty when counsel permits defendant to plead guilty and waive his right to file a motion in arrest of judgment when there is no factual basis to support defendant's guilty plea. Prejudice is presumed under these circumstances." *State v. Ortiz*, 789 N.W.2d 761, 764-65 (Iowa 2010) (internal citations omitted).

The crime of carrying a concealed weapon is set forth as follows:

Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1) (2017). A weapon is concealed when "it is not discernible by ordinary observation." *State v. Newsom*, 563 N.W.2d 618, 620 (Iowa 1997).

According to the minutes of evidence, Pursley and another man came to a Cedar Falls fraternity party. An attendee saw Pursley with his hand in his jacket. She felt he had a gun. Another attendee saw Pursley take a gun out of his underwear and hand it to the other man, who ran upstairs. Shots were fired. Pursley and the other man left and were later apprehended. Pursley was wearing a black hoodie. A person near the party location saw a person in a black hoodie climb over her chain-link fence. The man smelled of gunshot residue.

The minutes of evidence established a factual basis for the *Alford* plea, and counsel did not breach an essential duty in failing to challenge the factual basis via a motion in arrest of judgment.

*II.* **Knowing and Voluntary Plea**

Pursley next argues his plea was not knowing and voluntary. Pursley did not file a motion in arrest of judgment and does not now raise the issue under an ineffective-assistance-of-counsel rubric. Error was not preserved.

*III.* *Consequences of Plea*

Pursley argues "he did not understand that the total number of years he would face on this charge" and on charges in another case "would be as great as he received." He refers to a letter he filed with the district court after sentencing. In his view, his attorney failed to "fully apprise" him of the "consequences of a conviction" before he "pled guilty."

Pursley was sentenced in two separate cases and had different attorneys in each case. It is unclear from his letter or argument which attorney he believes was ineffective and in precisely what respect. We preserve this claim for posconviction relief to permit his counsel to weigh in on the issue. *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002).

**AFFIRMED.**