# IN THE COURT OF APPEALS OF IOWA

No. 17-1231
Filed July 18, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES DUANE FULLER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

James Duane Fuller appeals his convictions for possession with intent to deliver a controlled substance and carrying a weapon. **VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

John W. Pilkington of Nidey Erdahl Fisher Pilkington & Meier, PLC, Marengo, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

James Duane Fuller appeals his convictions for possession of MDMA[1] with intent to deliver and carrying weapons. On appeal, Fuller contends his trial counsel was constitutionally ineffective for permitting him to enter *Alford* pleas without a sufficient factual basis for the pleas.[2] Additionally, he argues trial counsel was constitutionally ineffective in failing to file a motion in arrest of judgment.

## I.    Background Facts and Proceedings

In September 2016, Fuller was subject to a valid traffic stop by a Black Hawk County Sheriff's deputy. During the traffic stop, Fuller revealed his driver's license was suspended. The deputy arrested Fuller for the traffic violations, and then discovered Fuller had an active warrant for his arrest.

The deputy conducted an inventory search of the vehicle, and found what appeared to be methamphetamine on the floor in front of the driver's seat, residue appearing to be methamphetamine in a baggy found between the seats, a methamphetamine pipe, and several glass jars suspected of containing methamphetamine in a safe and arm rest of the vehicle. Also in the vehicle was an expandable baton next to where Fuller was sitting. Based on these items, Fuller was charged by trial information with possession of methamphetamine with intent to deliver, in violation of Iowa Code section 124.401(1)(c) (2016), and carrying

---

[1] MDMA—methylenedioxy-methamphetamine—is commonly known as Ecstasy.
[2] In an *Alford* plea, a defendant enters a guilty plea acknowledging the State has strong evidence of actual guilt, but claims innocence or otherwise does not admit guilt to the underlying facts establishing the crime. *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970); *State v. Burgess*, 639 N.W.2d 564, 567 n.1 (Iowa 2001).

weapons, in violation of Iowa Code section 724.4. Fuller pled not guilty to both charges.

At the May 15, 2017 plea hearing, the State orally moved to amend the trial information to change the drug from methamphetamine to MDMA, stating the amendment was consistent with the lab report on the substance. No additional charges, enhancements, or additional minutes of evidence were filed. Fuller entered *Alford* pleas to both charges. The district court found a factual basis existed for each charge and accepted the pleas. On August 1, Fuller was sentenced to concurrent terms of ten years and two years of incarceration, with statutory-minimum fines and surcharges imposed.

Fuller now appeals, claiming ineffective assistance of counsel.

## II. Standard of Review

Appellate review for a lack-of-a-factual-basis challenge to a guilty plea is for correction of errors of law. *State v. Martin*, 778 N.W.2d 201, 202 (Iowa Ct. App. 2009). We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty and (2) prejudice resulted. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Counsel is presumed competent, and a defendant must show by a preponderance of evidence that counsel's performance did not meet an objective standard of reasonableness. *State v. Ondayog*, 722 N.W.2d 778, 785 (Iowa 2006); *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

### III.    Analysis

Fuller claims he received ineffective assistance because defense counsel permitted him to enter an *Alford* plea to possession of a controlled substance with intent to deliver and carrying weapons when there was not a sufficient factual basis for the plea. Fuller claims the lack of reference to MDMA in the minutes of evidence resulted in an insufficient factual basis and that no evidence established the expandable baton as a dangerous weapon or that it was concealed.

"[N]o advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). If no factual basis supports a guilty plea, then "counsel fail[s] to perform an essential duty both in allowing the plea to be made and in failing to pursue a motion in arrest of judgment to challenge it." *State v. Rodriguez*, 804 N.W.2d 844, 849 (Iowa 2011); *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). "On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined." *Finney*, 834 N.W.2d at 62. The district court need not have evidence beyond a reasonable doubt that the defendant committed the crime, just demonstrate facts to support the charge. *Id.*

The sources a court can look to when establishing a factual basis include asking the defendant, asking the prosecutor, examining a presentence report, the plea colloquy, and the minutes of evidence. *See id.* at 56–60. Any evidence considered other than the defendant's statements must be specifically articulated in the record. *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005). Because Fuller entered an *Alford* plea, we cannot rely on in-court admissions to establish the

factual basis, but instead look to the rest of the record to determine if the facts were available to justify counsel allowing a plea and the court in accepting it. *Rodriguez*, 804 N.W.2d at 850. Fuller and the State waived the presentence report due to an agreed-upon sentence. The court made no inquiry of the prosecutor concerning a factual basis for the pleas. Therefore, the minutes of evidence form the primary evidence from which the court could determine the existence of a factual basis.

### A. MDMA Evidence

Fuller challenges the factual basis for possession with intent to deliver MDMA, noting the minutes of evidence do not refer to MDMA in Fuller's possession. In fact, an examination shows the minutes did not include the Division of Criminal Investigation (DCI) Criminalistics Lab report with the results of the testing of the substance. Without the lab report, the evidence only supports a suspicion of a controlled substance with no factual or evidentiary confirmation. The minutes of evidence state the officers would testify as to the seizure of evidence, and that an unknown evidence technician would testify as to keeping the evidence in care, custody, and control prior to the criminalist's analysis. An unknown criminalist's proposed testimony would describe their duties and responsibilities, receiving the evidence, and testing the evidence. No proposed testimony establishes or even mentions the presence of MDMA in Fuller's vehicle. The only controlled substance referred to in the minutes of evidence is methamphetamine, and those references relate a suspicion in the police reports and an expert of the drug task force officers who would testify.

Identification of the suspected controlled substance as MDMA was only entered into the record through discussion at the plea hearing. First, the State mentioned it in the context of modifying the trial information:

> STATE COUNSEL: . . . The State, at this time, is moving to amend the Trial Information, specifically, Count 1, from possession of methamphetamine with intent to deliver to possession of MDMA with intent to deliver, which is consistent with the DCI lab report.

Fuller's counsel did not object to the amendment at the time. Shortly thereafter, the State stated the nature of the plea agreement on the record:

> STATE COUNSEL: . . . . Yes, Your Honor. The agreement is that the Defendant would plead guilty to the amended Count 1 and Count 2. . . .
>
> . . . .
>
> The parties agree that that will be an agreed to sentence at the time of sentencing, and also, the State has agreed not to file on the habitual felon enhancement on Count 1 and has also agreed not to file a possession of methamphetamine as a Count 3 as the lab report did include both MDMA and methamphetamine.

Fuller's counsel again agreed, with a modification as to the elimination of the mandatory minimum. These two instances are the only references to the results of the lab report in the record.

The court itself mentioned MDMA when restating the trial information, and then when asking Fuller to formally plead to possession of MDMA with intent to deliver. At neither point did the court determine the factual basis that the substance was or included MDMA. The State did not at any time offer the report, and the Court did not inquire about it. No evidence as described in the minutes establishes the results of the tests came back positive for controlled substances.

In short, the State failed to enter into the record facts establishing the substance found in Fuller's vehicle tested positive as a controlled substance—specifically MDMA.

## B. Carrying Weapons Evidence

Fuller also challenges the factual basis proving he carried a weapon—an expandable baton—in violation of Iowa Code section 724.4(1). Section 724.4(1) provides:

> [A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Specifically, the State must prove the defendant was armed with a weapon; the weapon was concealed on or about the defendant's person; and the weapon was a dangerous weapon. Iowa Crim. Jury Instruction 2400.3.

Although the baton was not found on Fuller, an easily-accessible weapon in an automobile violates prohibitions against "carrying" weapons and is considered "on or about the person." *See, e.g.*, *State v. Alexander*, 322 N.W.2d 71, 72 (Iowa 1982) (defining "going armed" for purposes of the statute). In *State v. Newsom*, the court established an objective concealment standard: "a weapon is concealed if it is not 'discernible by ordinary observation.'" *Newsom*, 563 N.W.2d 618, 620 (Iowa 1997). In the circumstance of weapons in vehicles, the court recognized a rule that "concealment is considered from the vantage point of one approaching the vehicle." *Id.* Simple presence within the compartment is not sufficient for concealment—evidence is needed to establish whether the weapon

would have been readily discernable. *State v. Lamb*, 573 N.W.2d 267, 269 (Iowa 1998).

The only factual evidence before the court regarding placement of the baton was the officer's narrative report and complaint affidavit that the baton was found "next to where Fuller was seated." Nothing in the minutes of evidence or police report establishes where the baton was within the passenger compartment—it may have been clearly visible to one approaching the vehicle, or tucked between or under seats. The evidence is insufficient to support the factual basis for concealment.

Fuller also challenges whether the expandable baton is a dangerous weapon. A "dangerous weapon" is defined as

> any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed.

Iowa Code § 702.7.[3]

In *State v. Tusing*, 344 N.W.2d 253, 255 (Iowa 1984), the Iowa Supreme Court established a test to determine if an item qualifies as a "dangerous weapon" under the first part of the statutory definition. The factfinder is to look at if the weapon is designed to inflict death or injury, and is actually capable of inflicting death. *Tusing*, 344 N.W.2d at 255; *State v. Mitchell*, 371 N.W.2d 432, 433 (Iowa Ct. App. 1985). Iowa courts have been consistent in holding a fact finder could

---

[3] The definition of "dangerous weapon" also includes any instrument or device used in a manner evidencing an intent to seriously injure or inflict death that is capable of inflicting death when so used, as well as an inclusive list of per se dangerous weapons. Iowa Code § 702.7. The circumstances here do not implicate these alternate definitions.

reasonably find similar items are designed to inflict injury and capable of inflicting death. *See, e.g.*, *Tusing*, 344 N.W.2d at 255 (brass knuckles); *Mitchell*, 371 N.W.2d at, 433–34 (nunchakus). However, the State did not list in its minutes of evidence any expert to testify as to the design or purpose, a description of the baton, or any other evidence for the court to use as a factual basis in support of categorizing the baton as a dangerous weapon.

Iowa courts have not specifically determined whether an expandable baton qualifies as a dangerous weapon under Iowa Code section 702.7. It is not among the per se dangerous weapons listed in the statute. The minutes of evidence and the record do not address or describe the baton other than its maker and presence in the passenger compartment. The court did not take judicial notice on the record of any facts relating to or describing the baton. The record presented does not establish a factual basis for determining an expandable baton is designed primarily for use in inflicting injury upon a human or animal or that it is capable of inflicting death upon a person when used as designed to meet the definition of dangerous weapon.

We find an insufficient factual basis to support Fuller's *Alford* plea to carrying weapons in violation of Iowa Code section 724.4.

## IV. Disposition

In cases where a factual basis can be shown, but was not, the appropriate remedy is to vacate the sentence and remand for proceedings to give the State an opportunity to establish a factual basis. *Schminkey*, 597 N.W.2d at 792. We think additional facts and circumstances not appearing in the record can establish the elements of each offense. Therefore, we vacate the sentence and remand for

further proceedings, at which time the State may supplement the record to establish a factual basis for the crimes of possession with intent to deliver MDMA and carrying weapons. If a factual basis is not shown, the defendant's plea must be set aside and the State will be returned to the position it had prior to the plea agreement. *See State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). The State may then reinstate any charges or enhancements dismissed in contemplation of the plea agreement or file any additional charges supported by the evidence. *See id.*

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**