# IN THE COURT OF APPEALS OF IOWA

No. 15-1092
Filed November 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KRISTY DANAE RATTRAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan (sentencing) and Peter A. Keller (guilty plea), Judges.

Kristy Danae Rattray appeals her guilty plea and sentence for possession of a controlled substance with intent to deliver and failure to possess a tax stamp. **AFFIRMED.**

Jamie L. Hunter of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Kristy Danae Rattray appeals her guilty plea and sentence for possession of a controlled substance with intent to deliver and failure to possess a tax stamp. She contends her counsel was ineffective and the district court abused its discretion in sentencing. For the reasons stated herein, we affirm.

## I. Background Facts and Proceedings

On October 31, 2014, detectives executed a search warrant on a home in Des Moines occupied by six persons including Rattray. The search uncovered, among other things, 14.3 grams of methamphetamine. Rattray was charged with one count of possession of a controlled substance with intent to deliver methamphetamine, in an amount in excess of five grams, and one count of failure to possess a tax stamp.

On February 25, 2015, the State filed a notice of additional witnesses, having already filed a notice of additional witnesses on February 12. The State sought a continuance of the trial that was scheduled for March 2, which the district court granted over Rattray's objection. Rattray also resisted the State's February 25 notice of additional witnesses. At the March 3 hearing on the State's notice, Rattray decided to accept a plea offer from the State—in which she pled to a lesser-included offense for the possession charge and to the tax stamp charge—and entered her guilty plea. At a sentencing hearing on May 26, Rattray argued for a deferred judgment; the State argued for a fifteen-year prison sentence. Rattray was sentenced to no more than ten years for the possession charge and no more than five years on the tax stamp charge, with the sentences

to run consecutive to each other. The sentences were suspended, and Rattray was placed on probation for a period of three years. Rattray appeals.

## II.      Standard and Scope of Review

We may consider an ineffective-assistance-of-counsel claim for the first time on appeal, and our review is de novo. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015). We can resolve ineffective-assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015).

"We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id*.

## III.     Analysis

### A.      Ineffective Assistance of Counsel

On appeal, Rattray raises three claims of ineffective assistance of counsel: (1) counsel was ineffective for allowing Rattray to enter into a plea without a sufficient factual basis; (2) counsel was ineffective for allowing Rattray to enter a guilty plea that was not knowing, voluntary, and intelligent; and

(3) counsel was ineffective for failing to correct the district court's mistaken belief the parties' plea agreement included a consecutive sentence recommendation.

As to her first argument, "[a] factual basis is required for a guilty plea." *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). "In evaluating whether a factual basis exists to support a guilty plea, we may examine 'the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report.'" *Id.* (citation omitted). "[T]he 'record does not need to show the totality of evidence necessary to support a guilty conviction, but it need only demonstrate the facts that support the offense.'" *Id.* (citation omitted); *see also Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) (noting the record need only "demonstrate[] the facts to support the elements of the offense").

Rattray contends there was inadequate evidence she had possession or knowledge of the methamphetamine or that she possessed seven grams or more of methamphetamine, as required for the tax stamp charge. However, the minutes of testimony state one witness—who claimed to be Rattray's roommate—informed police Rattray lived at the residence at issue and stayed in the bedroom where at least 7.5 grams of methamphetamine were found. This same witness indicated he purchased methamphetamine from Rattray. The minutes of testimony further state a purse was found in this same bedroom that contained approximately 2.2 grams of methamphetamine. A man identified as Rattray's boyfriend also stated Rattray was dealing methamphetamine. This testimony was confirmed by a third witness in the house, who informed police she received methamphetamine from Rattray and knew Rattray was selling it to

other people. Moreover, Rattray admitted she committed both offenses at the hearing. She stated, "I had methamphetamine in my bedroom that I used at the house that was raided. It was on the floor. I did put it there. And they [the police] found it in the house." She further admitted she had not acquired a tax stamp, she possessed more than seven grams of methamphetamine, and had not affixed a tax stamp to the drugs. Based on these circumstances, we conclude there was a sufficient factual basis for Rattray's plea; accordingly, her counsel was not ineffective. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

As to Rattray's remaining ineffective-assistance-of-counsel claims, the record lacks the necessary development of what transpired between Rattray and her counsel at the March 3 hearing. We find the record is inadequate to address her claims on direct appeal and thus preserve them for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

### B. Sentencing

Rattray alleges the district court improperly believed the plea agreement provided the sentences would run consecutively; thus, the court's mistaken understanding could not be used as a basis for sentencing, and the sentence constitutes an abuse of discretion. Rattray also claims the district court abused its discretion in denying a deferred judgment, citing only the district court's failure to mention the possibility of a deferred judgment at the time of sentencing, arguing this indicates the court failed to consider it as an option. When, as here, the sentence given "falls within the statutory parameters, we presume it is valid and only overturn for an abuse of discretion or reliance on inappropriate factors."

*Hopkins*, 860 N.W.2d at 554. "To overcome the presumption [of validity], we have required an affirmative showing the sentencing court relied on improper evidence." *Id.* (alteration in original) (citation omitted).

As to the first argument, at the time Rattray entered her plea, the State informed the court of the contents of the plea agreement, including that "the parties will recommend consecutive sentences; however, the parties are free to argue for any legal disposition available to the Court." Thus, at sentencing, the district court imposed consecutive sentences, based upon its understanding of "the plea agreement of the parties that whatever sentence is imposed would run consecutive." Rattray has failed to identify any evidence in the record that would have notified the district court that its understanding was in error, if in fact it was. We conclude the imposition of a consecutive sentence was not an abuse of discretion.

As to Rattray's second argument, the district court explicitly stated it "considered all sentencing options that are available by statute." It concluded that, "to render a judgment and sentence that provides the maximum opportunity for Ms. Rattray to become rehabilitated and to protect the community from further offenses by her," it had two options: to send Rattray to prison or put her on probation. The district court considered "Rattray's age, the nature of the offenses committed here, her employment history, her history of substance abuse, [and] her past record of convictions." *See id.* at 553 (listing relevant factors to consider when imposing a sentence to include: "the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of [the defendant's] reform" (citation omitted)); *see also* Iowa Code § 907.5(1) (2015)

(listing as factors "[t]he defendant's prior record of convictions and prior record of deferments of judgment," "[t]he defendant's employment circumstances," "[t]he defendant's family circumstances," "[t]he defendant's mental health and substance abuse history and treatment options available in the community and the correctional system," "[t]he nature of the offense committed," and "[s]uch other factors as are appropriate"). The district court explicitly considered Rattray's desire to see her children, her lack of an extensive criminal record, but also the organized nature of the drug sales in which she was participating when both imposing and suspending her sentence. The district court adequately explained its reasoning for the sentence imposed and was not required to justify its rejection of other sentencing options. *See State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996) ("The district court must demonstrate its exercise of discretion by stating upon the record the reasons for the particular sentence imposed. The sentencing court, however, is generally not required to give its reasons for rejecting particular sentencing options." (citation omitted)). We find no abuse of discretion.

## IV.    Conclusion

Accordingly, we find there was a sufficient factual basis for Rattray's guilty plea and therefore her counsel was not ineffective. We further find the district court did not abuse its discretion in imposing Rattray's sentence. We preserve Rattray's remaining ineffective-assistance-of-counsel claims for postconviction-relief proceedings.

**AFFIRMED.**