STATE of Iowa, Appellee,

v.

Mark Thomas PHILO, Appellant.

No. 04–0183.

Supreme Court of Iowa.

June 3, 2005.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Jill Dashner, Assistant County Attorney, for appellee.

CADY, Justice.

In this appeal, we primarily consider the meaning of the phrase "participating in a public offense" as applied to the eluding of a law enforcement vehicle statute, Iowa Code section 321.279(3)(a) (2003). In doing so, we vacate the decision of the court of appeals, reverse the decision of the district court, and remand for further proceedings.

### I. Background Facts and Proceedings

Mark Philo pled guilty to the crimes of theft of a motor vehicle, third-offense possession of marijuana, and felony eluding of a law enforcement vehicle. The minutes of testimony filed with the county attorney information alleged Philo stole a car in Buchanan County "on or about December 5, 2003." The minutes further alleged two Waterloo police officers on a routine patrol in the late morning hours of December 5

observed the vehicle stopped at a stoplight in Waterloo, which is in Black Hawk County. The officers did not know the vehicle was stolen, but decided to run a random license plate check through the computer in the police car. The computer showed the vehicle had been reported as stolen, and the officers attempted to stop the vehicle by activating the lights and siren of the police car.

Instead of stopping, Philo led police on a high-speed chase through the city of Waterloo. Before he was eventually stopped and apprehended, Philo reached speeds from fifty to eighty miles per hour on the city streets, committed several traffic violations, and damaged property.

The guilty pleas entered by Philo occurred in two separate hearings. Philo first entered a plea of guilty in Buchanan County district court to theft in the second degree in violation of Iowa Code sections 714.1(1) and 714.2(2). He was sentenced to a term of incarceration not to exceed five years. He then appeared in district court in Black Hawk County and entered pleas of guilty to felony eluding in violation of section 321.279(3)(a) and possession of marijuana, third offense, in violation of section 124.401(5). Although Philo was unable to admit that he exceeded the posted speed limit by more than twenty-five miles an hour during the police chase, he acknowledged that the court could find he did so from the police reports that were made part of the minutes of testimony.

Philo then waived his right to file a motion in arrest of judgment and waived time before sentencing. *See* Iowa R.Crim. P. 2.23(1) ("Upon a plea of guilty, ... the court must fix a date for pronouncing judgment, which must be within a reasonable time but not less than 15 days after the plea is entered ..., unless the defendant consents to a shorter time."). The court sentenced Philo to a term of incar-

ceration not to exceed five years for eluding. He was also sentenced to a term of incarceration not to exceed two years for possession of marijuana. Additionally, he was fined, and his license was revoked. The court ordered the two sentences of incarceration for eluding and possession to run concurrently with each other. The court also ordered the possession sentence to run concurrently with the theft sentence imposed by the district court in Buchanan County, but ordered the eluding sentence to run consecutively to the theft sentence.

The plea colloquy in the Black Hawk County proceeding indicated the guilty pleas were entered pursuant to a plea agreement. In initially discussing the plea agreement on the record, the court agreed to impose the sentence for possession of marijuana "concurrently with the other cases, both in Buchanan County and the other case we are about to deal with." A short time later, the court advised Philo that the sentence for eluding would "run concurrently with the other sentences we've talked about here." Philo acknowledged the plea agreement, as did defense counsel and the county attorney. However, after accepting the guilty pleas and just prior to the pronouncement of sentence, the county attorney asked the court to impose sentencing pursuant to the plea agreement so that the possession of marijuana sentence would run concurrently with the eluding sentence and concurrently with the theft sentence, but the eluding sentence would run consecutively to the theft sentence. Counsel for Philo acknowledged the statement of the plea agreement made by the county attorney, and the court subsequently imposed the sentences.

Philo appealed and raised a single claim of ineffective assistance of counsel under both the state and federal constitutions. He claimed his trial counsel was ineffective for failing to file a motion in arrest of

judgment following the guilty plea proceeding because there was no factual basis in the record to support the plea of guilty to felony eluding. He also claimed his trial counsel was ineffective for failing to file a motion in arrest of judgment because the court misled him into believing all the sentences would be served concurrently, rendering his guilty plea involuntary and unintelligent.

We transferred the case to the court of appeals. The court of appeals found trial counsel was not ineffective and affirmed the judgment and sentence of the district court. We granted further review.

## II. Principles of Review

■ "Ordinarily, we do not consider issues raised for the first time on appeal. The issues forming the basis of the defendant's claim of ineffective assistance of counsel fall into that category. However, we recognize an exception in the case of claims of ineffective assistance of counsel. We do so because as a practical matter these claims are not made by attorneys against their own actions. "Because the defendant's claims of ineffective assistance of counsel arise from his Sixth Amendment right to counsel, our review is de novo."

*State v. McCoy,* 692 N.W.2d 6, 14 (Iowa 2005) (quoting *State v. Scalise,* 660 N.W.2d 58, 61–62 (Iowa 2003)) (brackets omitted).

## III. Ineffective Assistance of Counsel

■ "To prove an ineffective assistance of counsel claim, 'a defendant must prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty, and (2) prejudice resulted therefrom.'" *State v. Biddle,* 652 N.W.2d 191, 203 (Iowa 2002) (citation omitted). With respect to the second prong, "the defendant must 'show there is a reasonable probability that, but for counsel's unpro-

fessional errors, the result of the proceeding would have been different.'" *State v. Taylor,* 689 N.W.2d 116, 134 (Iowa 2004) (quoting *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984)).

### A. Factual Basis

■ Before accepting a guilty plea, the court must ensure that the plea is not only voluntarily and intelligently made, but also that it is supported by a factual basis. Iowa R.Crim. P. 2.8(2)(*b*). If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty. *See State v. Doggett,* 687 N.W.2d 97, 101–02 (Iowa 2004). Philo claims his attorney breached an essential duty because there was no factual basis to support two elements of felony eluding: (1) that he exceeded the posted speed limit by twenty-five miles per hour or more, (2) while participating in a public offense. Iowa Code § 321.279(3)(*a*).

■ Regarding his first argument, Philo concedes that the minutes of testimony indicate he traveled at speeds up to fifty to eighty miles per hour during the chase. However, he claims that there is no evidence in the minutes to show the posted speed limit when he reached those speeds. Accordingly, he argues there is no factual basis to support the element of felony eluding that he exceeded the posted speed limit by twenty-five miles per hour or more. *See id.*

Philo is correct that there is no evidence in the record of the posted speed limits on the streets through which the police pursued him. The State responds that the district judge could rely on his independent knowledge that the streets referenced in the police reports attached to the minutes of testimony were residential and

business streets where the speed limit would be twenty to twenty-five miles per hour. *See id.* § 321.285(1)-(2) (setting forth speed limits).

■ In construing Federal Rule of Criminal Procedure 11(*f*), the federal counterpart to our rule 2.8(2)(*b*), the Supreme Court has stated that the rule requires the judge to "develop, *on the record,* the factual basis for the plea." *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971); *see* Fed.R.Crim.P. 11(*g*) (requiring verbatim record of plea proceedings); Iowa R.Crim. P. 2.8(3) (same). It has been held that "if the district judge finds it necessary to look to evidence other than the defendants' statements to establish the factual basis for the plea in any situation, these additional facts or evidence must be specifically articulated on the record." *United States v. Wetterlin,* 583 F.2d 346, 353 (7th Cir. 1978); *see* 1A Charles Alan Wright, *Federal Practice and Procedure* § 174, at 203–04 n. 18 (3d ed.1999) (citing cases). Thus, if the district court in this case had relied on independent knowledge of the speed limits on the Waterloo streets for a factual basis, those facts should have been made part of the record. However, the absence of these facts in the record does not invalidate the plea because in this case, there was other evidence to establish a factual basis. Philo admitted on the record that the district court could find he exceeded the posted speed limit by twenty-five miles

per hour or more.[1] The defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element. *See United States v. Lovelace,* 683 F.2d 248, 251 (7th Cir.1982) (finding sufficient factual basis when defendant repeatedly responded to district court's inquiries saying, "I am pleading guilty," even if this could be considered, as defendant argued on appeal, " 'agreeing to agree' "). We now turn to consider the factual basis supporting the "participating in a public offense" element of eluding.

It is a class D felony to elude law enforcement while "participating in a public offense, as defined in section 702.13, that is a felony." Iowa Code § 321.279(3)(*a*). The legislature has defined "participating in a public offense" as the

> period commencing with the first act done directly toward the commission of the offense and for the purpose of committing that offense and terminating when the person has been arrested or has withdrawn from the scene of the intended crime and has eluded pursuers, if any there be.

*Id.* § 702.13. The State claims Philo participated in the public offense of theft of a motor vehicle. Philo argues the record fails to disclose that he was participating in the offense of theft of a motor vehicle at the time of the eluding incident because the theft of the vehicle occurred in Bu-

---

1. During the plea proceedings, the following exchange took place:

THE COURT: And were you speeding, attempting to elude or get away from [the police]?

THE DEFENDANT: To get away from them, yes.

THE COURT: And did you exceed the speed limit by 25 miles per hour or more in doing so?

THE DEFENDANT: That part's questionable.

THE COURT: Do you agree that what the officer said in the minutes of testimony would be accurate and could be relied upon by me?

THE DEFENDANT: Yes.

THE COURT: Do you agree that I can find that you did in fact exceed the speed limit by 25 miles per hour or more?

(The defendant confers with [counsel].)

THE DEFENDANT: Yes, sir, your honor.

chanan County, and there was no evidence that he was being pursued from Buchanan County when he was observed and pursued by the Waterloo police officers in Black Hawk County. The State responds that theft is a continuing offense, and the police commenced the pursuit in Black Hawk County as Philo continued to withdraw from the crime scene.

We recently observed in *State v. Doggett* that the continuing offense doctrine does not enter into the analysis under the felony eluding statute. *Doggett,* 687 N.W.2d at 101. Rather, we confine our analysis to the plain language of the statute defining "participating in a public offense." *Id.*

The statute reveals that our legislature defined "participating in a public offense" in the context of a time frame, with a commencement point and a termination point. *See* Iowa Code § 702.13. Of course, only the termination point is at issue in this case. The termination point occurs upon the arrest of the accused for the public offense or withdrawal of the accused from the scene of the intended crime after any pursuers have been eluded. *Id.* These two events work hand in hand to establish the point when the participation in a public offense ends.

Philo was not arrested for the public offense of motor vehicle theft until after the eluding incident. Therefore, we must decide if the evidence supports Philo's claim on appeal that, under the record, the public offense of the motor vehicle theft terminated sometime earlier, prior to the eluding incident.

■ An arrest for a public offense occurs when an accused is taken into custody. *State v. Bumpus,* 459 N.W.2d 619, 622 (Iowa 1990). This can take place at the crime scene or any later time and place. However, it is clear our legislature, from its inclusion of the second part of the termination point in the definition of "par-

ticipating in a public offense," intended to limit the concept to prevent it from being extended days, weeks, or even months beyond the commission of the offense. This termination point generally is limited to withdrawal from the crime scene and is only extended beyond the crime scene in the event the accused, who has not been arrested, is pursued. Thus, once a participant in a public offense has left the crime scene and has eluded any pursuers, the person is no longer "participating in a public offense" under the statute. Iowa Code § 702.13. Likewise, once a participant has left the crime scene without any pursuers, the person is no longer "participating in a public offense." *Id.*

■ Although the evidence in this case reveals Philo was eventually pursued for the public offense of motor vehicle theft, there was no evidence that the pursuit was connected to the withdrawal from the crime scene. Instead, the record only reveals that the vehicle Philo was operating in Black Hawk County was taken from Buchanan County sometime prior to the eluding incident in Black Hawk County and that police only pursued Philo after a random license plate check showed the vehicle was reported as stolen. Moreover, the crime scene does not expand beyond the area where the crime is committed. It is significant that our legislature not only defined participation to commence when the first act occurs towards the commission of the offense, but described withdrawal from the scene in the context of the "intended crime." This shows the scene is tied to the area where those acts, beginning with the first act, occur that directly result in the commission of the offense. Once the offense has been committed, the scene is defined, and participation can only extend beyond the scene in the event of a pursuit that takes place prior to withdrawal. We agree with Philo that the record

failed to reveal a factual basis to support the "participating in a public offense" element of the offense of felony eluding.

■ By allowing Philo to plead guilty to felony eluding and to waive his right to file a motion in arrest of judgment, Philo's counsel breached an essential duty. *Doggett*, 687 N.W.2d at 101–02. "Additionally, prejudice is inherent under the circumstances." *State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001) (citing *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999)).

■ The remedy for a claim of ineffective assistance of counsel based on the lack of a factual basis for a guilty plea is to vacate the sentence and remand the case to allow the State an opportunity to establish a factual basis, unless the defendant was charged with the wrong crime. *Schminkey*, 597 N.W.2d at 792 (citing *State v. Burtlow*, 299 N.W.2d 665, 670 (Iowa 1980); *Ryan v. Iowa State Penitentiary*, 218 N.W.2d 616, 620 (Iowa 1974)). If the defendant was charged with the wrong crime, the plea is set aside. *Id.* (citing *State v. Hack*, 545 N.W.2d 262, 263 (Iowa 1996); *State v. Schoelerman*, 315 N.W.2d 67, 75 (Iowa 1982)). Here, it could be possible for the State to show a factual basis for felony eluding if there is evidence that Philo was pursued from the crime scene in Buchanan County and had not yet eluded those pursuers. Therefore, the remedy in this case is to vacate the sentence and remand to the district court to allow the State an opportunity to supplement the record to establish a factual basis for felony eluding. *Id.*

## B. Voluntary and Intelligent Guilty Plea

■ A guilty plea results in a waiver of several constitutional rights. For the waiver to be valid, there must be an intentional relinquishment of known rights. Due process therefore requires that a defendant enter a guilty plea voluntarily and intelligently.

*State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001) (citations omitted). If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty. *Id.* at 22 (citing *Meier v. State*, 337 N.W.2d 204, 207 (Iowa 1983)). "To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea." *Id.* at 21 (citing *State v. Boone*, 298 N.W.2d 335, 337 (Iowa 1980)). "The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against him." *State v. Oberbreckling*, 235 N.W.2d 121, 122 (Iowa 1975) (citing *State v. Watts*, 225 N.W.2d 143, 144–45 (Iowa 1975); *Brainard v. State*, 222 N.W.2d 711, 714–15 (Iowa 1974); *State v. Hansen*, 221 N.W.2d 274, 276 (Iowa 1974); *State v. Bedell*, 220 N.W.2d 891, 892 (Iowa 1974)).

■ Philo claims his plea was not intelligent and voluntary because the district court's initial statements during the plea proceeding led him to believe his sentence for eluding was to run concurrently with his sentence for theft of a motor vehicle. We agree the record presents a confusing picture of the plea agreement in this case. The statements made by the court and the questions propounded by the court make it unclear if the eluding sentence was to be imposed concurrently with or consecutively to the theft sentence. It is clear, however, that the plea agreement was reached between the county attorney and defense counsel and that the court ultimately agreed to accept the plea agreement and imposed the sentence pursuant to the agreement. *See* Iowa R.Crim. P. 2.10(3) (acceptance of plea agreement). It is also apparent that defense counsel un-

derstood that the eluding sentence would run consecutively to the theft sentence. Yet, for the purposes of determining whether a guilty plea was involuntary due to confusion over the plea agreement, the important inquiry is what the defendant, not the defense attorney, understood. *Wallace v. State*, 245 N.W.2d 325, 327 (Iowa 1976). Thus, if material misstatements are made by the court that induce a defendant to plead guilty, and those misstatements are not corrected, the plea is not intelligently and voluntarily entered, and the defendant is entitled to have it set aside and to plead anew. *Stovall v. State*, 340 N.W.2d 265, 267 (Iowa 1983).

■ It is evident that the claim of ineffective assistance of counsel asserted by Philo on appeal based on the confusion over the plea agreement must be preserved for postconviction relief. *See Taylor*, 689 N.W.2d at 134 ("If it is necessary to more fully develop a factual record, we preserve the ineffective-assistance claim for a possible postconviction relief action.)" (citing *State v. Reynolds*, 670 N.W.2d 405, 411 (Iowa 2003)). This will allow a record to be developed concerning the actual terms of the plea agreement and Philo's understanding of the terms of the plea agreement. The record must also be developed whether Philo was actually confused by the court's statements during the plea colloquy and whether those statements induced Philo to plead guilty.

### IV. Disposition

Accordingly, we preserve the issue of the voluntary nature of the guilty plea based on confusion over the plea agreement for postconviction relief. We otherwise vacate the sentence and remand the case to the district court to allow the State to supplement the record and attempt to establish that Philo was "participating in a public offense" at the time of the pursuit

through Waterloo. If the State establishes a factual basis for the felony eluding offense, then Philo shall be entitled to pursue postconviction relief to challenge the guilty plea on the basis of his claim of confusion over the terms of the plea agreement. If a factual basis for the plea is not shown on remand, then the guilty plea to felony eluding must be set aside, and it will be unnecessary for Philo to pursue the postconviction relief action concerning the voluntary nature of the plea based on the confusion over the plea agreement.

**DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**