# IN THE COURT OF APPEALS OF IOWA

No. 4-059 / 13-1048
Filed March 12, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**KRISTA HEMPLE-ANDERSON,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A defendant appeals her conviction claiming her attorney was ineffective in permitting her to plead guilty where there was a lack of a factual basis in the record to support the plea. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney General, Michael J. Walton, County Attorney, and Steve Berger, Assistant County Attorney, for appellee.

Considered by Danilson, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MULLINS, J.**

Krista Hemple-Anderson appeals following her written guilty plea to the crime of theft, in violation of Iowa Code section 714.1(1)[1] and 714.1(3)[2] (2011). Hemple-Anderson also admitted to having two prior convictions for theft, enhancing this offense to theft in the third degree, which is an aggravated misdemeanor pursuant to Iowa Code section 714.2(3). Hemple-Anderson asserts there is a lack of a factual basis in the record to support her guilty plea, and thus, her trial counsel provided ineffective assistance in permitting her to plead guilty and waive her right to file a motion in arrest of judgment to challenge her guilty plea. Because we find the record contains a factual basis to support the plea, we reject Hemple-Anderson's ineffective-assistance claim and affirm her conviction for theft in the third degree.

**I. Background Facts and Proceedings.**

The trial information with the attached minutes of testimony and police report indicates that on August 30, 2012, John Turner entered the Kohl's department store empty handed, went to the bedding area, selected a queen bed set valued at $349.99, and then went to the customer service desk where he "returned" the bed set without a receipt and received a merchandise card with the credit for the price of the bed set. The next day Hemple-Anderson used the card

---

[1] This code section is referred to as "theft by taking" and states a person commits theft when the person, "1. Takes possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof." Iowa Code § 714.1(1).
[2] This code section is referred to as "theft by deception" and states, in part, a person commits theft when the person "3. Obtains the labor or services of another, or a transfer of possession, control, or ownership of the property of another, or the beneficial use of property of another, by deception." Iowa Code § 714.1(3).

to purchase $176.54 worth of merchandise at a different Kohl's store. Approximately a week later, both Turner and Hemple-Anderson were arrested in a Kohl's store attempting to "return" another bed set.

Hemple-Anderson filed a written plea of guilty in which she stated, "I used a merchandise card at Kohl's knowing it was obtained by returning stolen merchandise and I have been convicted twice before of theft." She also filed a consent to waive personal presence at sentencing where she stated, "I have read the Minutes of Testimony which are substantially correct and I admit that there is a factual basis for the charge(s) against me."

The court accepted the guilty plea and sentenced Hemple-Anderson to two years in prison, which was to be served consecutively to two other convictions. She appeals, attacking the factual basis to support her plea.

## II. Factual Basis.

Hemple-Anderson claims her actions do not constitute theft by taking under section 714.1(1) because Kohl's voluntarily gave the merchandise to her in exchange for the credit on the store card, which was a valid store card. She claims there is no evidence she acted in concert with Turner in obtaining the store card. She also claims there is no evidence she engaged in theft by deception, in violation of section 714.1(3). She claims again the store card was valid and was honored by the store, and thus, she paid for her purchases.

> Before accepting a guilty plea, the court must ensure that the plea is not only voluntarily and intelligently made, but also that it is supported by a factual basis. If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty.

*State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). Our review of ineffective-assistance-of-counsel claims is de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Hemple-Anderson's written guilty plea states that she used the merchandise card knowing it was obtained by returning stolen merchandise. This provides a factual basis to support both a theft by taking and a theft by deception. Turner "returned" the bedding set and obtained a merchandise card for the value of the bedding. Hemple-Anderson then used this merchandise card, knowing the credit on the card was obtained by false pretenses, to "take" possession of $176.54 worth of property from Kohl's with the intent to deprive Kohl's of possession of this property. The fact that the merchandise card was honored by Kohl's when she went to obtain property from the store does not relieve her of criminal liability for taking the property she knew she had no right to take. She was aware of the card's origin, which indicates she was acting in concert with Turner. She was also arrested with Turner a week later while attempting to perpetrate the same crime.

The factual record also supports the conclusion she engaged, alternatively, in theft by deception. She deceived Kohl's when she tendered the card as payment for $176.54 worth of property when she knew the credit on the card was obtained by false pretenses. Her "purchases" did not become legal because the store honored the merchandise card. Hemple-Anderson knew the card was obtained by false pretenses, and she deceived the store by presenting it to obtain possession of $176.54 worth of property.

Because we find a factual basis exists to support Hemple-Anderson's guilty plea, we conclude counsel did not provide ineffective assistance in permitting Hemple-Anderson to waive her right to challenge the plea through a motion in arrest of judgment. We affirm her conviction.

**AFFIRMED.**