# IN THE COURT OF APPEALS OF IOWA

No. 15-2027
Filed November 23, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ROBERT COREY PORTER,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger (plea) and Lawrence P. McLellan (judgment and sentence), Judges.

 Defendant appeals his conviction for delivery of a controlled substance.

**AFFIRMED.**

 David A. Kuehner of Eggert, Erb, Mulcahy & Kuehner, P.L.L.C., Charles

City, for appellant.

 Thomas J. Miller, Attorney General, and Darrel Mullins and Kevin Cmelik,

Assistant Attorneys General, for appellee.

 Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Robert Corey Porter pled guilty to delivery of a controlled substance, in violation of Iowa Code section 124.401(1)(c)(1) (2013), referring to a substance containing a detectable amount of heroin. Porter's only issue is that the court erred in accepting the defendant's plea because of a lack of a factual basis. Although Porter failed to file a motion in arrest of judgment, we address the merits of his argument.

Laboratory testing of one of the several bags collected at the time of Porter's arrest showed that bag contained only traces of cocaine, though Porter admitted several times he had obtained heroin. During the plea colloquy Porter stated, "I—we met up with my dealer, and we put our money together, gave him the money. He gave us—he gave me the drugs, and from there we split it up." The district court questioned Porter further:

> THE COURT: So your dealer gave you the heroin, and then you distributed the heroin to other people who had given you money to get the heroin?
> DEFENDANT: That were in the vehicle with me, yeah.
> THE COURT: Okay. So on that day, on or about June 3rd, you received the heroin from your dealer, and then you gave that heroin to the other people; is that correct?
> DEFENDANT: Yeah.
> THE COURT: And did you know that the substance you were dealing with was, in fact, heroin?
> DEFENDANT: Yeah.
> THE COURT: And did you know that you were handing it to other people?
> DEFENDANT: Yeah. I was aware, yeah.

We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). "To prevail on a claim of ineffective assistance of counsel, the [defendant] must demonstrate both ineffective

assistance and prejudice", the defendant must prove these elements by a preponderance of the evidence. *Id.* at 142. "Where a factual basis for a charge does not exist, and trial counsel allows the defendant to plead guilty anyway, counsel has failed to perform an essential duty. Prejudice in such a case is inherent." *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999) (citations omitted).

When "evaluating whether a factual basis exists to support a guilty plea, we may examine 'the minutes of testimony, statements made by the defendant and the prosecutor at the guilty plea proceeding, and the presentence investigation report.'" *State v. Velez*, 829 N.W.2d 572, 576 (Iowa 2013). Additionally, our supreme court has held "[t]he defendant's admission on the record of the fact supporting an element of an offense is sufficient to provide a factual basis for that element." *State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) (citation omitted). The transcript of the guilty plea proceeding contains admissions made by Porter of facts sufficient to support all the elements of the crime. Therefore, Porter's admissions provide a sufficient factual basis for the plea. Pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e), we affirm the district court.[1]

**AFFIRMED.**

---

[1] In his brief Porter contends counsel was ineffective for allowing Porter to enter the plea because there was no heroin and thus no factual basis. We do not address whether Porter's plea was made knowingly, voluntarily, and intelligently because that issue was not specifically raised as an issue for review. Iowa R. App. P. 6.903(2)(c).