**IN THE COURT OF APPEALS OF IOWA**

No. 16-0337
Filed November 23, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ESSOSSINAM CESAR TALBOUSSOUMA,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Buena Vista County, Nancy L.
Whittenburg, Judge.


      Essossinam Cesar Talboussouma appeals his conviction and sentence
following a guilty plea.  **AFFIRMED.**



      Mark C. Smith, Appellate Defender, and Brenda J. Gohr, Assistant
Appellate Defender, for appellant.

      Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, for appellee.



      Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Essossinam Cesar Talboussouma appeals his conviction and sentence following a guilty plea to assault with the intent to commit sexual abuse, claiming his counsel failed to advise him of the potential consequences a guilty plea may have on his immigration status. *See State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015) (providing, to prove an ineffective-assistance-of-counsel claim, an appellant must show counsel failed to perform an essential duty and prejudice resulted). We may consider an ineffective-assistance-of-counsel claim for the first time on appeal, and our review is de novo. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). However, where further development of the record is necessary to resolve the issue, we preserve claims for postconviction-relief proceedings. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010).

Here, in his exhaustive briefing, Talboussouma provides legal argument as to (1) why his guilty plea should not be found to have waived his ineffective-assistance-of-counsel claim, (2) why the distinction between direct and collateral consequences should not apply in this matter, (3) why a district court's instruction that a conviction may impact a defendant's immigration status does not compensate for counsel's own responsibility, (4) what the Iowa Constitution requires in this context, and (5) what prejudice standard should be applied. But Talboussouma has failed to provide a sufficient record to enable this court to review this claim on direct appeal. Talboussouma simply summarily claims plea counsel failed to inform him of the potential consequences of his plea with regard to his immigration status and "the deportation consequences for Talboussouma w[ere] truly clear." As acknowledged by Talboussouma, "[o]nly in rare cases will

the trial record alone be sufficient to resolve [an ineffective-assistance-of-counsel] claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Talboussouma concedes the record available here is limited.[1] We conclude it is not sufficient to address his claim and preserve it for postconviction-relief proceedings.

**AFFIRMED.**

---

[1] As noted by the State,

> Nothing in the record reveals what steps Defendant's trial counsel took to determine Defendant's immigrant status, what, if any, research his trial counsel did to figure out the possible deportation consequences of Defendant's guilty plea, and whether and what his trial counsel discussed with regard to his immigration status and deportation consequences, and the impact a guilty plea would have on him.

Instead, the available record includes a waiver of rights and guilty plea, in which Talboussouma swears, "I understand that pleading guilty may result in deportation or other adverse immigration consequences if I am not a citizen of the United States. I understand one such consequence could include deportation from the United States upon completion of any period of incarceration." The plea concludes, "I nevertheless affirm I want to plead guilty regardless of any immigration consequences that my guilty plea may entail, even if one such consequence is my automatic removal from the United States." In his motion in arrest of judgment, Talboussouma claims his plea was defective because of his inability "to understand the total effect of the guilty plea." Specifically, "[t]he part that was unascertainable was that it was in doubt that Defendant would be or not be deported, only that it was possible he would be deported." In the district court's order on the motion in arrest of judgment, the district court stated, "Defendant testified that his attorney explained the meaning of [the above cited paragraph that describes potential deportation consequences] of the written plea of guilty and he understood its meaning." It is upon this limited record that Talboussouma makes his claim.