# IN THE COURT OF APPEALS OF IOWA

No. 16-0595
Filed February 8, 2017

**KARA MARIE CRAPSER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Wright County, DeDra L.

Schroeder, Judge.


        Applicant appeals from the district court order denying her application for

postconviction relief.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee State.



        Considered by Mullins, P.J., McDonald, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

In 2011, Kara Crapser was charged with murder in the first degree and child endangerment resulting in death in the death of her boyfriend's five-year-old child. On April 24, 2012, she pled guilty to the amended charge of murder in the second degree, in violation of Iowa Code section 707.3 (2011). She was sentenced to fifty years in prison with a requirement she serve 70% of her sentence before being eligible for parole. She did not file a direct appeal.

On August 7, 2014, Crapser filed an application for postconviction relief. Trial was held on March 4, 2016. Following trial, the district court denied her application. She now appeals that decision.

Crapser argues her trial counsel provided ineffective assistance of counsel by failing to file a motion in arrest of judgment because her guilty plea was not knowing or voluntary. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005). We review claims of ineffective assistance of counsel de novo. *See State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). To prevail on her claim, Crapser must prove by a preponderance of the evidence that (1) her attorney failed to perform an essential duty and (2) prejudice resulted from the failure. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show counsel failed to perform an essential duty, she must show "counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id.* at 688. There is a strong presumption of counsel's competence. *Id.* at 689. The prejudice prong requires a showing there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not

just conceivable." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). In this context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The district court agreed with Crapser that counsel breached an essential duty by failing to file a motion in arrest of judgment when the district court's plea colloquy failed to inform Crapser of her right to compel attendance of her own witnesses. *See* Iowa R. Crim. P. 2.8(2)(b)(4) (providing court must inform defendant she has "right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance"); *State v. Myers*, 653 N.W.2d 574, 577 (Iowa 2002) (finding inadequate colloquy stating "you would have the right to present any witnesses in your own defense" without mention of compulsory process). However, the district court ruled Crapser could not show prejudice and therefore denied her claim.

On de novo review, we too find counsel breached an essential duty by failing to file a motion in arrest of judgment. *See Myers*, 653 N.W.2d at 577. We also agree no prejudice resulted. Crapser contends she would have subpoenaed her boyfriend if she had known she had the ability to do so and that he would have testified he kicked a door closed on M.V.'s head on the morning of her death, causing the fatal injury. That argument is unavailing; the boyfriend was already listed as a potential witness by both the State and Crapser. *See Myers*, 653 N.W.2d at 579 ("She does not claim there were any witnesses whose testimony was denied her because she did not know she could force them to testify.").

Moreover, there is no reasonable probability Crapser would have gone to trial. There was substantial evidence against her. *See State v. Carey*, 709 N.W.2d 547, 559 (Iowa 2006) ("The most important factor under the test for prejudice is the strength of the State's case."). School employees and others who had opportunity to observe the child were prepared to testify the child was abused by Crapser. Crapser's boyfriend referred to her as the "disciplinarian" in the home and reported he disagreed with her disciplinary practices. He was prepared to testify M.V. did not have an injury when he left for work on the day of the child's death. Another of the boyfriend's children and Crapser's brother's girlfriend were prepared to testify about specific abusive disciplinary methods used by the defendant. Crapser confessed after being confronted by law enforcement with the implausibility of her initial story. Additionally, Crapser obtained a significant benefit by pleading guilty to second-degree murder instead of being convicted of first-degree murder. *Compare* Iowa Code § 902.1 (providing for life sentence without possibility of parole for class "A" felony conviction), *with* Iowa Code § 707.3(2) (providing for sentence of no more than fifty years upon conviction for murder in the second degree). Her buyer's remorse is insufficient to merit relief. *See, e.g.*, *State v. Barnhart*, No. 14-0950, 2015 WL 576358, at *2 (Iowa Ct. App. Feb. 11, 2015). We affirm the judgment of the district court.

**AFFIRMED.**