# IN THE COURT OF APPEALS OF IOWA

No. 16-0676
Filed May 17, 2017

**TARRENCE NEWMAN,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Marsha A. Bergan, Judge.

Tarrence Newman appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Darrel L. Mullins, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

Tarrence Newman appeals the district court's denial of his application for postconviction relief (PCR), claiming there was no factual basis for his *Alford*[1] plea for the crime of willful injury causing bodily injury and, thus, his trial counsel in the underlying criminal case provided ineffective assistance by allowing him to plead guilty. Specifically, Newman claims counsel was ineffective because there was no factual basis to support that he specifically intended to cause a serious injury. *See* Iowa Code § 708.4(2) (2013) (defining "willful injury" as when "[a]ny person who does an act which is not justified and which is intended to cause serious injury to another commits . . . [a] class 'D' felony, if the person causes bodily injury to another").

On our review of his PCR application, we find several possible claims. However, even an extremely deferential reading of his application leaves it unclear he was trying to allege the issue he now raises on appeal.[2] Further, Newman's testimony at the PCR trial focused on *his belief* he was overcharged because—according to him—others in jail for willful injury had used a weapon and he did not. He also testified concerning other claims relating to the plea negotiation process and trial preparation. The PCR court ruled on those latter two issues, neither of which he challenges on appeal.

---

[1] *See Alford v. North Carolina*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2] Newman's pro se PCR filing made vague statements such as, "the elements to don't fit the crime and a person has to look at the situation as a whole," but these statements cannot be reasonably construed to be a challenge to the factual basis for his plea of willful injury.

At the PCR trial, Newman did not testify or argue there was no factual basis in the record for his plea. He did not testify or argue his attorney was ineffective for allowing him to plead guilty. Nor did he testify or argue the video of the assault had been misinterpreted or misunderstood. He did not request the district court address or rule on any of these matters; and as stated above, his PCR application did not clearly identify the issue he now raises on appeal. Thus, it is not surprising the district court did not rule on the issue he raises on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").[3] And Newman has not raised this issue as one of ineffectiveness of PCR counsel in failing to argue before the PCR court that trial counsel was ineffective. Accordingly, we find Newman's sole claim on appeal is not properly before us and affirm the PCR court's denial of Newman's PCR application.

**AFFIRMED.**

---

[3] *State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005), allows a defendant to raise ineffective-assistance-of-counsel claims for the first time on direct appeal from a guilty-plea proceeding but does not support a claim of ineffective assistance of plea counsel on an appeal of a PCR ruling that did not address the claim.