# IN THE COURT OF APPEALS OF IOWA

No. 19-1086
Filed June 3, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JASON DALE CHARLET,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Thomas P. Murphy,

Judge.

Jason Charlet appeals his plea of guilty to eluding and operating a motor

vehicle while intoxicated, third offense. **AFFIRMED.**

Elizabeth A. Ryan of Benzoni Law Office, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Jason Charlet pled guilty to eluding and operating a motor vehicle while intoxicated, third offense. The district court sentenced him to prison terms not exceeding five years, to be served concurrently.

On appeal, Charlet contends his plea was not knowing and intelligent. Specifically, he argues there is little indication that he "understood the elements of the charges" or "the import of his responses" to questions about the minimum and maximum sentences. Charlet also contends his attorney was ineffective in "fail[ing] to fully discuss the consequences of a plea and available defenses."

The State preliminarily responds that Charlet failed to preserve error on his challenge to the plea because a pro se filing that the court treated as a motion in arrest of judgment did not raise the issues he is now articulating. The State concedes, however, that we may review his challenge to the voluntariness of the plea under an ineffective-assistance-of-counsel rubric. We agree. *See State v. Philo*, 697 N.W.2d 481, 488 (Iowa 2005) ("If a plea is not intelligently and voluntarily made, the failure by counsel to file a motion in arrest of judgment to challenge the plea constitutes a breach of an essential duty.").

"To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea." *Id.* (citation omitted). "The overriding question is whether defendant, on the whole record, understood the elements of the crime and the nature of the charge against him." *Id.* (citation omitted).

The district court thoroughly explained the elements of both charges and asked Charlet to summarize the facts in his own words. The explanation together with Charlet's narration evince Charlet's understanding of the charges.

As for the punishment, Charlet concedes the court covered the minimum and maximum penalties for each crime. Notably, the court asked Charlet whether he had "any questions about the possible punishments or penalties" he faced. Charlet responded, "No, sir." We are persuaded that Charlet understood the sentences each charge carried.

On our de novo review of the record, we conclude Charlet's guilty plea was knowing, voluntary, and intelligent. Accordingly, Charlet's attorney did not breach an essential duty in failing to file a motion in arrest of judgment challenging the voluntariness of the plea.

We turn to Charlet's claim that counsel was ineffective in failing to discuss the consequences of the plea and available defenses. At the plea proceeding, the district court asked Charlet whether he "had adequate opportunity to discuss the contents of" the minutes of testimony with his lawyer. He answered, "Yes, sir." The court also asked him if he had "had sufficient time to discuss whether or not there might be any defenses or trial strategies he could use to defeat these charges at trial." He again answered, "Yes sir." Based on his answers, we conclude counsel did not breach an essential duty in conferring with Charlet about the plea.

We affirm Charlet's judgment and sentence.

**AFFIRMED.**