# IN THE COURT OF APPEALS OF IOWA

No. 20-1629
Filed August 4, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ZACHARY DANIEL VENNINK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Crawford County, Patrick H. Tott,

Judge.


        The defendant challenges whether a factual basis supports his guilty plea

to a class "D" felony.  **AFFIRMED.**


        Christopher J. Roth, Omaha, Nebraska, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., and Tabor and Greer, JJ.

**GREER, Judge.**

In August 2020, Zachary Vennink pled guilty to theft in the second degree, a class "D" felony. *See* Iowa Code § 714.2(2) (2020). Vennink filed a written guilty plea pursuant to our supreme court's May 22, 2020 order, which provided: "Through December 31, 2020, district courts may accept written guilty pleas in felony cases in the same manner as in serious and aggravated misdemeanor cases." Iowa Supreme Ct. Supervisory Order, *In re Ongoing Provisions for Coronavirus/COVID-19 Impact On Court Services* ¶ 26 (May 22, 2020) (citing Iowa R. Crim. P. 2.8(2)(b) (last paragraph)). As part of the written plea, Vennink signed his initials next to statements that he was "waiv[ing] time for sentencing [and] the right to appear in court before a judge" and that he "under[stood] that by seeking immediate sentencing, [he was] waiving [his] right to attack this guilty plea by filing a motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure."

Under section 814.6(1)(a)(3), Vennink is only allowed to appeal from his guilty plea if he can establish good cause to do so. "'[G]ood cause' in section 814.6 means a 'legally sufficient reason.'" *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (quoting *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020)). What constitutes a "legally sufficient reason" is context specific. *Id.* But, at a minimum, "[a] legally sufficient reason to appeal as a matter of right is that a reason that . . . would allow a court to provide some relief on direct appeal." *Id.* When, as here, a defendant pleads guilty but does not file a motion in arrest of judgment, the defendant is barred from appellate relief unless "the district court failed to adequately advise the defendant of the necessity for filing a motion in arrest of

judgment and the consequences of not filing a motion in arrest of judgment." *Id.*; *cf. id.* at 154 (discussing the previously recognized exception of claiming failure to file a motion in arrest of judgment was the result of ineffective assistance of counsel but providing that "exception no longer provides an avenue for relief on direct appeal" due to section 814.7).

While Vennink complains that he did not receive an in-person colloquy, guilty pleas for felonies were not required to be taken in person at the time due to the COVID-19 pandemic. *See* Iowa Supreme Ct. Supervisory Order, *In re Ongoing Provisions for Coronavirus/COVID-19 Impact On Court Services* ¶ 26 (May 22, 2020). And when the trial court is not required to engage in an in-court proceeding, it is unnecessary for the court to "personally inform the defendant of the motion in arrest of judgment requirements." *State v. Fisher*, 877 N.W.2d 676, 681 (Iowa 2016). "Instead, written waiver filed by the defendant can be sufficient" and the "written plea or waiver can foreclose an appeal when it complies with rule 2.8(2)(d)." *Id.* at 681. When considering whether Vennink was adequately informed about the necessity of filing a motion in arrest of judgment and the consequences of failing to do so, we employ a substantial compliance standard. *See id.*; *see also* Iowa R. Crim. P. 2.8(2)(d).

Here, Vennink signed the written plea, which stated, "I understand that by seeking immediate sentencing I am waiving my right to attack this guilty plea by filing a motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure." In *State v. Ball*, this court was asked to consider almost identical language. No. 15-1319, 2016 WL 1697071, at *1 (Iowa Ct. App. Apr. 27, 2016) (considering, "I understand that by following this procedure I am giving up

my right to raise any challenge to my guilty plea through a Motion in Arrest of Judgment pursuant to Rule 2.24(3) of the Iowa Rules of Criminal Procedure."). And we concluded the language in the written plea did not substantially comply with rule 2.8(2)(d) because it "did not inform [the defendant] that the failure to file a motion in arrest of judgment would preclude his right to appeal" and "did not mention the word 'appeal' at all." *Ball*, 2016 WL 1697071, at *1; *see also State v. Hursey*, No. 16-0187, 2016 WL 6270000, at *2 (Iowa Ct. App. Oct. 26, 2016) (same), *further review denied* (Feb. 2, 2017).  For the same reasons as *Ball* and *Hursey*, we conclude Vennink's written plea did not adequately inform him of the consequences of waiving his right to file a motion in arrest of judgment.  So he has good cause to appeal his guilty plea.[1]

Next, we turn to the merits of his claim.  Vennink maintains there is not a factual basis to support his guilty plea for second-degree theft.[2]  Specifically

---

[1] Presumably raising an alternative argument, Vennink claims his trial counsel provided ineffective assistance by failing to advise him regarding the need to file a motion in arrest of judgment.  A claim of ineffective assistance was historically a work-around when a defendant failed to file a motion in arrest of judgment.  *See State v. Straw*, 709 N.W.2d 128, 132–33 (Iowa 2006) ("[The defendant's] failure to move in arrest of judgment bars a direct appeal of his conviction.  However, this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance from counsel." (citations omitted)).  But section 814.7 superseded that option because, under the statute, claims of ineffective assistance "shall not be decided on direct appeal from the criminal proceedings."  Whether or not Vennink meant to offer this argument as an alternative to his claim he was not properly advised regarding a motion in arrest of judgment, we cannot consider it on direct appeal.  *See* Iowa Code § 814.7; *see also Tucker*, 959 N.W.2d at 154 ("[B]ecause we have just upheld the constitutionality of section 814.7, this court is without the authority to decide ineffective-assistance-of-counsel claims on direct appeal.  Thus, the second exception no longer provides an avenue for relief on direct appeal.").

[2] Vennink also argues that because he was not adequately informed regarding the motion in arrest of judgment, his guilty plea was unknowing.  *See State v. Meron*,

Vennink challenges whether there is evidence in the record to support that he intended to permanently deprive the owner of the ATV.  *See* Iowa Code § 714.1(1) (defining theft as when a person "[t]akes possession or control of the property of another, or property in the possession of another, with intent to deprive the other thereof"); *see also State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) (interpreting the crime of theft to require "an intent to *permanently deprive* the owner of his property").

"In deciding whether a factual basis exists, we consider the entire record before the district court at the guilty plea hearing, including any statements made by the defendant, facts related by the prosecutor, the minutes of testimony, and the presentence report."  *Schminkey*, 597 N.W.2d at 788.  We easily conclude Vennink intended to permanently deprive the owner of the ATV.  First, in his written plea, Vennink stated he "unlawfully and willfully took possession or control of the

---

675 N.W.2d 537, 542. (Iowa 2004) ("A defendant waives a variety of constitutional rights by pleading guilty to a criminal offense, and it is fundamental that a plea of guilt is valid only if it is given voluntarily, knowingly, and intelligently.").  But failure to inform a defendant about a motion in arrest of judgment implicates error-preservation issues; it is not a substantive ground for relief.  *See, e.g.*, *State v. Loye*, 670 N.W.2d 141, 150, 151 (Iowa 2003) (considering whether defendant was adequately informed of right to challenge plea under rule 2.8(2)(d) when considering whether failure to file motion in arrest of judgment precluded appeal but not considering the same when determining whether guilty plea was knowing and intelligent); *State v. Wiggins*, No. 12-1880, 2014 WL 69528, at *1 (Iowa Ct. App. Jan. 9, 2014) ("Assuming the court failed to adequately inform [the defendant] of his rights [regarding a motion in arrest of judgment], his ability to challenge the legality of his plea is resurrected.  But because he fails to challenge the basis for his plea, there is no ground upon which his plea can be overturned.").  In the same portion of his argument, Vennink also claims he was not advised of his right against self-incrimination.  But it seems Vennink is complaining that the court never explained this right to him in person, as his written guilty plea also includes the statement that he understood that he could "refuse to testify, and that [his] refusal will not reflect upon [his] guilt or innocence."

property of another . . . with the intent to deprive the other thereof." *See State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005) ("The defendant's admission on the record of the fact supporting an element of the offense is sufficient to provide a factual basis for that element."). Additionally, Vennink admitted to a friend and a police officer that he took the ATV. After taking it, Vennink left the ATV "in the weeds on a dirt road" and asked another friend to cover it. When the friend called to ask "what ATV," Vennink lied and said he had purchased the vehicle. Based on his lying about being the rightful owner of the ATV and his request that a friend help cover (i.e. hide) the vehicle, the district court could infer that Vennink intended to permanently deprive the owner of the ATV. *See State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013) (reiterating that the district court is not required to "have before it evidence that the crime was committed beyond a reasonable doubt" to accept a guilty plea, "but only evidence that there be a factual basis to support the charge"); *see also State v. Jespersen*, 360 N.W.2d 804, 807 (Iowa 1985) (providing that intent may be inferred from circumstances).

Because Vennink's written guilty plea did not include adequate information regarding his right and the consequences surrounding a motion in arrest of judgment, his appeal is not precluded, and we find he has good cause to do so. However, Vennink is unsuccessful on the merits of his claim, as his guilty plea is supported by a factual basis. We affirm.[3]

**AFFIRMED.**

---

[3] After acceptance of the written plea, Vennink filed a written waiver of his right to allocution and consented to entry of the judgment outside of his presence. He specifically noted he had reviewed the presentence investigation report and the proposed judgment entry, and confirmed his "agreement with said document."