# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0561
Filed June 24, 2026

———————————

**Collin Daniel Richards,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

———————————

Appeal from the Iowa District Court for Story County,
The Honorable Jennifer Miller, Judge.

———————————

**AFFIRMED**

———————————

Audra F. Saunders, West Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Nicholas E. Seifert, Assistant Attorney General, attorneys for appellee.

———————————

Considered without oral argument
by Badding, P.J., Langholz, J., and Bower, S.J.
Opinion by Badding, P.J.

1

**BADDING, Presiding Judge.**

In a random act of violence that garnered statewide attention, Collin Richards took the life of Celia Barquín Arozamena—a celebrated student golfer at Iowa State University—while she was golfing near campus. The State charged Richards with first-degree murder, and he later pled guilty to that offense. Now, Richards seeks postconviction relief, alleging that the appellate defender appointed in his underlying case was ineffective for advising him to dismiss his direct appeal. The district court denied relief. We affirm.

## I.    Background

Late in the morning on September 17, 2018, a group of golfers playing behind Barquín Arozamena found her belongings scattered across the ninth hole fairway at the Coldwater Golf Links in Ames. Concerned, they summoned the police. Course employees soon found Barquín Arozamena's body in a nearby pond. Wounds to her chest showed signs of a knife attack. An investigation quickly led police to Collin Richards, who had been camping in the woods near the links.

The State charged Richards with first-degree murder, and he entered a plea of not guilty. He then requested a change of venue because of the publicity surrounding Barquín Arozamena's death, and the court agreed to transfer trial to Winneshiek County. But before the time for trial came, Richards asked to change his plea. In a haunting plea colloquy, he confessed to killing Barquín Arozamena:

> DEFENSE COUNSEL: Collin, . . . I just want to kind of clarify a few things. First and foremost, you remember the events that happened on September 17 of 2018, correct?
>
> RICHARDS: Yes.

2

DEFENSE COUNSEL: And do you recall having some thoughts, and what were those thoughts about?

RICHARDS: Sexually raping and murder, to take care of the whole thing.

DEFENSE COUNSEL: Of a female?

RICHARDS: Yes.

DEFENSE COUNSEL: And did you set out to seek out a female to do this to?

RICHARDS: A female, yes.

DEFENSE COUNSEL: And did you do that then?

RICHARDS: Yes.

DEFENSE COUNSEL: And where did you go?

RICHARDS: I followed her from Hole Seven to Hole Nine contemplating if I was going to do so or not.

DEFENSE COUNSEL: Let me stop you right there. You used the pronoun "her." Who did you follow?

RICHARDS: Celia.

DEFENSE COUNSEL: Okay. So you saw her at what hole you say?

RICHARDS: Seven.

DEFENSE COUNSEL: Hole Seven of a golf course here in Ames, Iowa?

RICHARDS: Right across from where I was camping.

DEFENSE COUNSEL: Okay. And you saw her?

RICHARDS: Yes, sir.

DEFENSE COUNSEL: What were your thoughts at that time?

RICHARDS: To complete murder.

3

DEFENSE COUNSEL: Okay. And then you followed her to what hole?

RICHARDS: Nine.

DEFENSE COUNSEL: And what happened after that?

RICHARDS: I walked up on her quietly, scared her, and I told her she was coming with me. She fought, and I used my weapon. My weapon didn't work. Threw her to the pond. Finished from there.

The court accepted Richards' guilty plea and sentenced him to life in prison without the possibility of parole.

Richards filed a direct appeal in September 2019, which he voluntarily dismissed a few months later. That December, he applied for postconviction relief, alleging his defense attorneys provided ineffective assistance by (1) failing to request a competency evaluation prior to his guilty plea; (2) failing to investigate a "diminished responsibility, insanity, and/or intoxication" defense; and (3) allowing him to voluntarily dismiss his appeal. Four years later, after a series of trial continuances, the State moved for summary disposition on the first two claims. The district court granted the motion,[1] and the third claim alleging ineffective assistance by appellate counsel proceeded to trial in January 2025 on a stipulated record.

In his district court briefing, Richards argued that his appellate attorney breached an essential duty by advising him to dismiss his direct appeal when viable issues were available. He asserted that counsel could have contested the factual basis for his guilty plea or challenged the constitutionality of Iowa Code section 814.7,[2] which prevents this court from

---

[1] Richards does not challenge the dismissal of competency and defense claims on appeal.

[2] *See* 2019 Iowa Acts ch. 140, § 31 (effective July 1, 2019).

deciding ineffective-assistance claims on direct appeal. Finding no merit to either claim, the district court denied postconviction relief. Richards appeals, reprising the same claims about the effectiveness of his appellate attorney's representation.

## II.    Analysis

We review postconviction-relief proceedings raising constitutional claims, such as ineffective assistance of counsel, de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). To prevail on an ineffective-assistance claim, an applicant must establish that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (citation omitted).

Richards contends his appellate counsel breached an essential duty by advising him to dismiss his direct appeal. But that's true only if Richards had a meritorious claim to raise on appeal. *See State v. Brown*, 930 N.W.2d 840, 855 (Iowa 2019) ("Counsel is not burdened with the duty to raise an issue that has no merit."). Likewise, "counsel's failure to raise a claim lacking merit will not ordinarily be deemed prejudicial." *In re Det. of Blaise*, 830 N.W.2d 310, 318 (Iowa 2013). Thus, the key question under both *Strickland* prongs is whether Richards has identified a viable legal issue that appellate counsel should have advised him to assert. He points to two potential claims.

### A. Challenge to Iowa Code section 814.7

For his first theory of ineffective assistance, Richards contends appellate counsel "should have argued that Iowa Code section 814.7 violates

due process and equal protection" under the state and federal constitutions. That statute, which became effective just a few months before Richards' direct appeal, provides that "[a]n ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief" and that such a claim "shall not be decided on direct appeal from the criminal proceedings." Iowa Code § 814.7. Richards suggests that if appellate counsel had successfully challenged the constitutionality of this statute, then he could have raised additional claims of ineffective assistance on direct appeal.

Richards' claim fails out of the gate because both of his constitutional claims were rejected by the Iowa Supreme Court in *State v. Treptow*, 960 N.W.2d 98, 107–08 (Iowa 2021). Although *Treptow* had not been decided when Richards dismissed his appeal, its holding confirms that his claims would not have prevailed. So, Richards can show neither breach nor prejudice. *See State v. Coleman*, 907 N.W.2d 124, 147 (Iowa 2018) (finding neither *Strickland* prong satisfied where counsel declined to pursue a meritless statutory challenge).

## B. Challenge to the Factual Basis

Richards next contends that "defects in [his] guilty plea should have been raised" on direct appeal. Although his argument is a little hazy, he appears to assert that appellate counsel should have challenged the factual basis to support his plea because he "lacked specific intent resulting from intoxication and diminished capacity." This theory also fails out of the gate.

When Richards entered his guilty plea—and still today—the rules of criminal procedure required a defendant to file a motion in arrest of judgment to preserve a plea challenge for appellate review. Iowa R. Crim. P. 2.24(3)(a)

6

("[F]ailure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal"). Failure to do so precludes relief on direct appeal. *State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) ("Rule 2.24(3)(a) is mandatory."). Richards never filed a motion in arrest of judgment following his guilty plea. And while an exception exists "where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment," *Treptow*, 960 N.W.2d at 109, the court carefully warned Richards of those consequences. An appellate challenge to his plea proceedings would have been dead on arrival—so there is no breach or prejudice here.

In any event, even if Richards had properly preserved a plea challenge for direct appeal, his appellate attorney was not deficient for failing to attack the factual basis. While the district court must ensure that there is a factual basis for a defendant's plea, *see* Iowa R. Crim. P. 2.8(2)(b), it need not find guilt beyond a reasonable doubt, *see State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). An adequate factual basis exists where the defendant "acknowledge[s] facts that are consistent with the elements of the crime." *Rhoades v. State*, 848 N.W.2d 22, 30 (Iowa 2014); *accord State v. Philo*, 697 N.W.2d 481, 486 (Iowa 2005). Here, a reasonable attorney could conclude that Richards' unequivocal admissions at the plea hearing satisfied that standard—including the mens rea elements he disputes on appeal.

When asked about his state of mind on the date of the offense, Richards made clear that his decision to kill Barquín Arozamena was willful, malicious, and premeditated:

> DEFENSE COUNSEL: [S]o you saw this young woman prior to this happening and you intentionally followed her for the purpose of—

RICHARDS: Yes.

DEFENSE COUNSEL: —of murdering her, correct?

RICHARDS: Yes, right.

DEFENSE COUNSEL: That was your intent?

RICHARDS: That was my intent.

DEFENSE COUNSEL: And you have never met her before, had no animosity towards her?

RICHARDS: No, sir.

DEFENSE COUNSEL: She just happened to be there at the time?

RICHARDS: Exactly. I was looking for a girl, a beautiful girl, something attractive, and she was there.

DEFENSE COUNSEL: And she fit the description?

RICHARDS: Right.

Richards also confirmed that his sleeplessness and drug use did not interfere with his ability to form a specific intent:

DEFENSE COUNSEL: And again, I believe you mentioned that you were staying up late, may have been using some drugs; is that correct?

RICHARDS: Correct.

DEFENSE COUNSEL: Okay. But again, did that use or lack of sleep alter your ability to tell the difference between right and wrong?

RICHARDS: No.

DEFENSE COUNSEL: It did not?

RICHARDS: It didn't.

DEFENSE COUNSEL: Okay. And at the time did you know it was wrong to do what you were doing?

RICHARDS: I did.

The district court later asked Richards if he had "the intent to find and murder a woman before you got high that day?"—to which Richards responded, "Yeah." And defense counsel told the court that Richards had been evaluated by a forensic psychiatrist, whose opinion did not support an insanity, diminished capacity, or intoxication defense.

On this record, appellate counsel would have had no reason to second-guess the validity of Richards' plea. Thus, counsel's failure to pursue a factual-basis challenge was not a breach of duty. *See, e.g.*, *Walker v. State*, No. 21-0988, 2022 WL 16630787, at *4 (Iowa Ct. App. Nov. 2, 2022) (finding a defendant's admissions as to specific intent supplied an adequate basis to accept his guilty plea, notwithstanding his alleged intoxication, and so counsel was not ineffective by declining to challenge that issue).

Because Richards has failed to show any deficiency or prejudice in appellate counsel's performance, we affirm the district court's denial of postconviction relief.

**AFFIRMED.**