# IN THE COURT OF APPEALS OF IOWA

No. 18-0188
Filed November 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ELLIS CHARLES CARPENTER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

Ellis Carpenter appeals after pleading guilty to domestic abuse assault. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**DOYLE, Judge.**

Ellis Carpenter appeals the judgment and sentence entered after he pled guilty to domestic abuse assault, in violation of Iowa Code section 708.2A(3) (2017). Carpenter argues his counsel was ineffective by permitting him to plead guilty without a factual basis. We reject Carpenter's arguments and affirm the district courts judgment and sentence.

The original trial information charged Carpenter with domestic abuse assault with the intent to inflict a serious injury, second offense, in violation of section 708.2A(3)(b), and as a habitual offender pursuant to sections 902.8 and 902.9. Subsequently, an amended and substituted trial information was filed omitting the reference to "with intent to inflict a serious injury," and instead referred to the offense as "Domestic Abuse Assault Second Offense (Aggravated Misdemeanor)." Also, the habitual offender sentencing enhancement was dropped. Carpenter entered a written guilty plea to the amended charge of domestic abuse assault second offense, an aggravated misdemeanor, and the court entered an order accepting the plea. In a subsequent sentencing order, the court again accepted Carpenter's plea, convicted him of the crime of second-offense domestic abuse assault in violation of sections 708.1 and 708.2A(3)(a),[1] and sentenced him pursuant to the terms of the plea agreement.

---

[1] We note that Carpenter was charged with and entered a written guilty plea to domestic abuse assault second offense in violation of section 708.2A(3)(b), an aggravated misdemeanor. The order accepting the plea referenced section "708.2A(3)(b) – Domestic Abuse Assault – 2nd Offense." According to the sentencing order, the court convicted Carpenter of "2nd Offense Domestic Abuse Assault" in violation of sections 708.1 and 708.2A(3)(a). A violation of 708.2A(3)(a) is a serious misdemeanor. The prosecutor, Carpenter, and his counsel were present at the sentencing hearing. Since Carpenter "waived reporting and record of the Plea and Sentencing Hearing," we are unable to discern if the sentencing order's reference to section 708.2A(3)(a) is a typographical error

The standard of review for guilty pleas resulting from counsel's ineffective assistance is de novo. *See State v. Utter*, 803 N.W.2d 647, 651 (Iowa 2011), *overruled on other grounds by Schmidt v. State*, 909 N.W.2d 778, 789 (Iowa 2018). "As with all ineffective-assistance-of-counsel claims, [the defendant] must establish . . . counsel failed to perform an essential duty and prejudice resulted from such failure." *Id.* at 652 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Generally, we preserve claims of ineffective assistance of counsel for postconviction-relief proceedings to allow the record to be developed. *See State v. Gomez Garcia*, 904 N.W.2d 172, 186 (Iowa 2017); *State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017). However, we may resolve the claim on direct appeal if the record before us is adequate. *See Virgil*, 895 N.W.2d at 879. Here, we conclude the record is adequate for review.

Courts are required to determine whether a factual basis exists before accepting a plea. *See* Iowa R. Crim. P. 2.8(2)(b).

> On a claim that a plea bargain is invalid because of a lack of accuracy on the factual-basis issue, the entire record before the district court may be examined. . . . Recourse to the entire record is appropriate because . . . the relevant inquiry . . . involves an examination of whether counsel performed poorly by allowing [the defendant] to plead guilty to a crime for which there was no objective factual basis in the record.

*State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). "If an attorney allows a defendant to plead guilty to an offense for which there is no factual basis and to waive the right to file a motion in arrest of judgment, the attorney breaches an essential duty."

or whether the State and Carpenter agreed at that time to have the charge reduced from an aggravated misdemeanor to a serious misdemeanor.

*State v. Philo,* 697 N.W.2d 481, 485 (Iowa 2005). When this occurs, prejudice is inherent. *See State v. Schminkey,* 597 N.W.2d 785, 788 (Iowa 1999).

Domestic abuse assault is an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2(2)(a),(b),(c), or (d). *See* Iowa Code § 708.2A(1). As relevant here, a person commits an assault when, without justification, the person does "[a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(a). "Domestic abuse," as is applicable to the offense of domestic abuse assault in this case, is an assault as defined in section 708.1 between household members who resided together at the time of the assault. *Id.* § 236.2(2)(a). Relevant here, "household members" is defined as "persons cohabitating." *Id.* § 236.2(4)(a). Sexual relations between the parties while sharing the same living quarters is one factor used to determine whether parties were cohabitating within the meaning of the domestic abuse statute. *Virgil*, 895 N.W.2d at 880 (citing *State v. Kellogg*, 542 N.W.2d 514, 518 (Iowa 1996)).

Carpenter claims his counsel was ineffective by allowing him to plead guilty to domestic abuse assault without a factual basis because there is no clear evidence in the record showing that the assault occurred between household members residing together at the time of the assault. We disagree. In an affidavit attached to the original complaint, a police officer states "The defendant and the victim are in an intimate relationship together." The complaint form states the relationship is between "family/household members who have lived together within the last year." In the field case report attached to the trial information, the officer's

narrative states that Ellis and the woman he assaulted were "in an intimate relationship[2] with each other and she stays with him in his camps around the city of Davenport." The minutes of evidence state that at the time of the incident, "[t]he pair were in an intimate relationship and living together." In his written guilty plea, Carpenter admitted there is a factual basis for the charge and that he "had intentional offensive contact with another, who would qualify as a domestic partner under the law, such contact being an 'assault.'" He also accepted the minutes of evidence as substantially true as to the elements of the charge but did not admit to "any type of felony element."

Although Carpenter admitted the woman would qualify as a "domestic partner," he points out such term is not used or defined in the domestic-abuse statute. In *State v. Hodges*, this court, relying on a dictionary definition of "domestic partner,"[3] concluded there was a sufficient factual basis in the record for Hodges's guilty plea to domestic abuse assault because the defendant characterized the woman he assaulted[4] as a "domestic partner" in his written guilty plea. *Hodges*, 2012 WL 470210, at *1-2. We see no reason to depart from *Hodges* and therefore reject Carpenter's argument on this point.

---

[2] An "intimate relationship" may provide a basis for domestic abuse, *see* Iowa Code § 236.2(2)(e), but not domestic abuse assault, *see id.* § 708.2A(1), which only references section 236.2(2)(a), (b), (c), or (d) but does not include 236.2(2)(e).

[3] "The term 'domestic partner,' is defined as one member of an unmarried cohabiting couple." *State v. Hodges*, No. 11-0913, 2012 WL 470210, at *1 (Iowa Ct. App. Feb. 15, 2012), *further review denied* (April 10, 2012) (citing Merriam-Webster's Collegiate Dictionary 371 (11th ed. 2006)).

[4] The record indicated the woman was Hodge's fiancée and that they lived together. Coupled with Hodges's characteriztion of the fiancée as his "domestic partner," the court inferred that they "were household members who resided together." *Hodges*, 2012 WL 470210, at *1.

Carpenter also argues his counsel was ineffective by allowing him to plead guilty to domestic abuse assault without a factual basis because "there is no fact to support that the 'offensive conduct' was done without justification, as required in the charging statute, Iowa Code § 708.1(2)." The officer's affidavit included in the complaint states, "The defendant did knowingly and willingly, seriously injure the victim by hitting her in the face repeatedly with an open hand and grabbed her by her arms and threw her to the ground. The victim sustained serious injuries to her face, arms, legs, ribs, and buttocks from the incident." The field case report indicates Carpenter got into a verbal argument with a woman, he "started to hit her with an open hand in the face several times," and he "then began to grab her by her arms and threw her to the ground, where he continued to hit her with an open hand." The minutes of evidence provides a nearly identical recitation of the facts. We see nothing in the record indicating the assault was justified. We therefore reject Carpenter's argument on this point.

Based on a review of the record before the plea court, we conclude there was a sufficient factual basis for Carpenter's plea. Therefore, his counsel was not ineffective in allowing Carpenter to plead guilty. We affirm his judgment and sentence.

**AFFIRMED.**